AMRINE, *Treasurer*, AND RUSSELL, *Sheriff*, v. THE KANSAS PACIFIC R. R. Co.

COUNTY CLERK—*In the absence of the Clerk, his Deputy may perform any official duty.*—*Assessing Railroad Property.* Under section 41 of Chapter 25, Gen. Stat., 1868, which provides that a deputy county clerk may, in the absence, etc., of the county clerk, perform all the duties of such county clerk, a deputy county clerk may, in such absence, act as one of the "board of appraisers and assessors" to assess railroad property, as provided by Chapter 124 of the Laws of 1869.

*Error from Saline District Court.*

THE *Kansas Pacific Railway Company* commenced an action to enjoin *S. Amrine, as Treasurer, and James W. Russell, as Sheriff* of Saline county from proceeding to collect certain taxes levied upon the property of the plaintiff in said county. The petition alleged that the board of assessors was illegally constituted, and that the assessment itself was illegal and void, by reason of the fact that Charles Cleulp, the *deputy* county clerk, and not D. M. Beebe, the county clerk, represented the county of Saline on the board of assessors which assessed the

railroad property in said county. The judge of the district court made an order allowing a temporary injunction. The defendants claim that this order is erroneous, and they bring it here by a petition in error for review.

*J. G. Mohler*, county attorney of Saline county for plaintiffs in error:

1. Sec. 41, ch. 25, Gen. Stat. of 1868, p. 263, requires the county clerk to appoint a deputy, and declares that such deputy "shall perform *all the duties*" of the clerk, when the clerk is absent, or the office is vacant.

Under this authority a deputy county clerk can represent his county in the board of appraisers and assessors, provided for by § 2, ch. 124, laws of 1869, and perform all the duties prescribed by said chapter to be performed by county clerks. The functions to be performed by the county clerk as provided for by said act, are ministerial in their character, and not in any sense judicial, nor are such clerks clothed with judicial authority, nor do they act in a judicial capacity.

In general, ministerial officers can appoint deputies. Com. Dig., *Officer*, D, 1. In general, a deputy has power to do every act which his principal might do. 1 Bouv. Law Dic., title *Deputy*.

It may be contended that sec. 11 of chap. 124, Laws of 1869, having been declared unconstitutional, (6 Kas., 500,) the whole act should fail. Statutes may be unconstitutional in part and valid in part. Cooley Const. Lim., 177, et seq.

*E. W. Dennis*, for defendant in error:

1. Sec. 2 of ch. 124, laws of 1869, provides, "That *the county clerks* of the several counties," etc., "*shall constitute* a board of appraisers and assessors," etc.

But it is insisted that the provisions of §41, p. 263, Gen. Stat., requiring every county clerk to have a deputy authorizes such deputy to act in this case. What duties are intended? Plainly the duties of county clerks *as such*; but the duty here attempted to be performed by the deputy clerk is not any part of the duty of a county clerk *as such*, but the duty of a member of a board of appraisers and assessors. A county clerk, while acting as member of the board of assessors is not performing a duty as county clerk; he is acting in another official capacity, and clothed with a totally altered official authority, and discharging duties affecting not only his county, but others, and the State. And when chosen by the legislature to act as assessor, he can no more act by deputy, than he could when chosen by the people as a representative in the legislature.

The theory of the statute evidently was, that the persons who were county clerks would be apt to be suitable persons whom as its agents the legislature might safely endow with authority to ascertain the value of railroad property for the purposes of taxation. This power cannot be transferred, nor delegated. If it can—if one deputy may act, twelve may act, and thus a new board be created. The statute makes the county clerk himself *an assessor*, it appoints him to another and a distinct office, the duties of which he must perform in person.

The opinion of the court was delivered by  .

VALENTINE, J.: A temporary injunction was granted by the judge of the court below, to restrain the plaintiffs in error, as Treasurer and Sheriff of Saline county, from collecting certain taxes, assessed and levied against the defendant in error. The plaintiffs in error claim that

the order granting the temporary injunction was erroneous, and they desire to have it reversed by this court. The said temporary injunction was granted upon the theory that the said taxes were illegal and void. It is claimed by the defendant in error that the taxes are illegal and void because the assessment upon which they are founded was illegal and void. The irregularity in the assessment that they complain of, is, that a *deputy* county clerk of Saline county, and not the county clerk thereof, acted as one of the "board of appraisers and assessors," to assess the property of the Railway Company.

Section 2, of ch. 124 of the laws of 1869, (p. 245,) provides, "That the county clerks of the several counties in this State, in which any railroad now has or hereafter may have its track and roadway, or any part thereof, shall constitute a board of appraisers and assessors for the property of such railroad company." Under this act, all railroad property is to be assessed by county clerks, and the act nowhere provides that the assessment may be made by deputy county clerks. Hence the defendant in error claims that said assessment was void.

Section 41 of the act relating to counties and county officers, however, (Gen. Stat., 263,) provides that "Every county clerk shall appoint a deputy in writing, under his hand, and shall file such appointment in his office; and such deputy, in case of the absence or disability of such clerk, or in case of a vacancy in his office, shall perform *all the duties* of such clerk during such absence, or until such vacancy shall be filled." This language seems too plain to need any judicial construction. It authorizes deputy county clerks to perform all the duties of county clerks, and it makes no difference what those duties may be called, whether ministerial, discretionary, or judicial. A county clerk in this State is not merely a "clerk," as

the name would seem to indicate, but he is also substantially the auditor of the county; (Gen. Stat., 264, §§ 50 to 69;) and the assessor of the county for all property that may be omitted by the regular assessor; (Gen. Stat., 266, § 53; see also Gen. Stat., 1041, § 65;) and he may administer oaths and affirmations, and take acknowledgments of deeds, mortgages, etc.; (Gen. Stat., 267, § 60;) and all these powers and duties were conferred upon him by the same act of the legislature which authorized him to appoint a deputy. The logic is irresistible, that when the legislature authorized the deputy county clerk to perform all the duties of the county clerk, they meant, at least, that he should perform all the duties of the county clerk which they had expressly enumerated in the same act by which they conferred upon the deputy county clerk such authority. If such be true, then as the deputy county clerk is authorized to act as assessor in the place of the county clerk in assessing property that has been omitted by the regular assessor, by what system of reasoning can it be claimed that the deputy county clerk has no power to act as assessor in the place of the county clerk in assessing railroad property? The principal, if not the only reason, given why the deputy county clerk cannot so act is, that the assessment of property is not a ministerial act, and therefore that it cannot be performed by a deputy. It is even claimed that the assessment of property is a judicial act. Authorities have been cited to show that none but a ministerial officer can appoint a deputy unless specifically authorized so to do by statute. But no authority has been cited, and none can be cited, to show that an officer, other than a ministerial officer, cannot appoint a deputy if authorized so to do by statute. (Com. Dig., *Officer*, D, 1 and 2: Bac. Abr., *Offices and Officers*, L.) Even a judicial officer, if the constitution

and the statutes should authorize the same, could appoint a deputy. But whether this is so or not is of but little consequence so far as this case is concerned; for we have already decided, and we think correctly, that an assessor is not a judicial officer, and the assessment of property is not, in any just sense, under our constitution, the exercise of judicial power. (*Auditor v. Atchison, T. & S. Fe R. R. Co..* 6 Kas., 500.) It is true that it is the exercise of judgment and discretion; but it requires more than this to constitute it the exercise of judicial power.

Almost every officer of every kind must exercise some judgment and some discretion, but that alone does not make him a judicial officer. The exercise of judgment and discretion is not peculiarly and exclusively the province of the judiciary, but it is also in an eminent degree the province of the executive and legislative branches of the government. Every appraiser of the property of a decedent's estate; of real estate taken in execution, or attachment; of real estate in an action of partition; of school lands, or of strays, must exercise the same amount and kind of judgment and discretion that an assessor does when he assesses the same kind of property for taxation; and yet no person ever thought of calling such an appraiser a judge or a court; and no one ever supposed that such an appraiser was exercising the functions of a judicial tribunal. If such appraisers do exercise judicial functions, then of course they must be courts, or judges of courts, for under our constitution, all the judicial power of the State is vested in *courts*. (Art. 3, § 1.) We have no doubt but that a deputy county clerk may perform any act that a county clerk can in the absence or disability of the county clerk; and therefore, we think the assessment of the said property of the said railroad company was legal and valid.

A question concerning the constitutionality of the act under which said assessment was made, also arises incidentally in this case; but as the counsel for the defendant in error does not desire to raise that question in this case, and as it has been raised and discussed in another case now before us, (*The Mo. River Ft. Scott & Gulf Railroad Co. v. Morris and Wheaton,*) we shall reserve any comments that we may desire to make upon that question, until we come to consider said case. It may, however, not be out of place here to say, that we believe the said act to be constitutional, so far as it affects any question arising in this case.

The order of the judge of the court below, granting the temporary injunction, must be reversed.

All the Justices concurring.