J. C. STITH v. ED L. PECKHAM AND WILLIE W. PECKHAM.

*Appeal from the Probate Court of Kay County.*

*II. C. May* and *Ira J. McGinnis*, for plaintiff in error.

*Charles J. Peckham*, for defendants in error.

The opinion of the court was delivered by

BIERER, J.: This case is an appeal brought to the supreme court by the plaintiff in error, J. C. Stith, for review of the judgment of the probate court of Kay county, rendered against him in the suit of Ed L. Peckham and Willie W. Peckham, and the matter has been

submitted to me upon a written stipulation of both parties, signed and presented with the papers in the case, that I should take up and pass upon the case, and determine it for the court. Upon this written stipulation, and at the urgent request of the parties for me to decide the case, in order to save the delay on account of the great amount of business pending in the supreme court, I have consented to dispose of it.

The action was brought in the court below to recover the sum of five hundred and twenty-five dollars, with interest from the date of the filing of the petition, which the plaintiffs alleged was due them upon a written contract of the defendant, as follows:

"Rec'd from Ed L. Peckham and Willie W. Peckham transfer of lots No. 16, 17 and 18 in block No. 92 in the town of Blackwell. Oklahoma Territory, for the purchase price of seven hundred and fifty dollars, payable in lumber and other building material. And I hereby agree that I will reconvey said lots to said parties upon the payment to me of their bill to me, together with interest thereon at the rate of 10 per cent. from the date of each purchase. And the said parties hereby agree to sell said lots within ninety days from the date hereof.

"Dated this 25th day of May, 1894.

"J. C. STITH."

The plaintiffs claim that the defendant had furnished upon this contract lumber only to the amount of $225, and that the balance of $525 had been refused to be furnished by the defendant, and that the defendant is therefore indebted to them in that amount.

The defendant, as one of his defenses, set out in his amended answer, alleged that the transaction which resulted in the making of the deed to the lots mentioned in plaintiffs' petition, and the signing of the contract, was one in which these instruments were signed and

given as security for the payment to the defendant of the value of the lumber and building material to be furnished by the defendant to the plaintiffs, and that defendant took the pledge of the lots solely as security for the lumber and building material that was to be furnished by the defendant to the plaintiffs.

On the trial there was considerable evidence offered tending to show that this was the real transaction between the parties.

The defendant asked that certain instructions be given to the jury, to the effect that if they found the deed to the lots was given by the plaintiffs to the defendant, and the contract given by the defendant to the plaintiffs, as security for lumber furnished by the defendant to the plaintiffs, that then the plaintiffs could not recover in the case. He also asked the submission of special questions upon this theory of the case; both and all of which were refused by the court, and exception taken.

It is claimed by the plaintiffs below, defendants in error here, that this contract is one of absolute sale by the plaintiffs to the defendant of the lots for seven hundred and fifty dollars worth of lumber; and this was the theory taken in the court below, and sustained by the trial court; and the defendant was not permitted to present the case to the jury upon the answer alleging that the transaction was a security and not a sale, and his evidence in support thereof. This, I think was error.

The contract is not, upon its face, such a one as will preclude evidence to show the real nature of the transaction between the parties. The first portion of it does speak of it as a transfer of the lots for the purchase price of seven hundred and fifty dollars, payable in lumber. It then contains a defeasance clause, under which the defendant was to re-convey to the plaintiffs upon their

payment of a certain bill mentioned, but not specifically defined, with interest thereon. And it also contains another clause, whereby the parties agree to sell the lots within ninety days. These latter provisions are inconsistent in themselves with the theory of an absolute sale, and are such as would at least entitle the defendant to show what was actually intended by the arrangement between the parties.

There was evidence tending to show that the plaintiffs had made a payment of sixteen dollars, consisting of cash and an attorney's fee upon an account for lumber delivered by the defendant under the arrangement between the parties. There was evidence tending to show that after the delivery of the deed the plaintiff, Ed. L. Peckham, had employed carpenters to do work upon a house on these very lots. And it was clearly proper for the defendant to show that the transaction was actually one whereby the deed to the lots was given, not as an absolute transfer, but as security for a debt. (*Moore v. Wade*, 8 Kan. 380; *Bennett v. Wolverton*, 24 Kan. 284; *Overstreet v Baxter*, 30 Kan. 51, 1 Pac. 825; *McDonald v. Graham*, 30 Kan. 170, 2 Pac. 507.)

The defendants in error claim that the defendant filed no appropriate motion for a new trial; that the motion for new trial attacked the decision of the court and not the verdict of the jury. The motion is not very skillfully prepared, but it does sufficiently show that the defendant asked for a new trial, and that the proceedings of the court and the jury were attacked in the motion. No objection to the form of the motion seems to have been made in the court below; and this objection is too technical to be entitled to serious consideration in the supreme court.

Defendants in error further contend that the defend

17——IV.

ant, in his own testimony, showed that this transaction was a sale of the lots, and not one of security for the payment of a debt.    It is true the defendant answered:

"My understanding was that he," (meaning Ed. L. Peckham) "would make an effort at the time to sell the lots, if so, my bill would would be paid for that I furnished him; if not, the lots would belong to me."

There is nothing in this answer to so completely contradict the other positive and direct evidence given by the defendant tending to show that the transaction was one of security for the payment of his bill of lumber, which he claimed amounted to $275.83, less a credit of $16, as to prevent the defendant from presenting the case to the jury on his theory of security instead of a sale. The defendant's testimony shows that his idea was that he was to take the lots as security for the account for the lumber that was agreed to be, and was, furnished.    If the plaintiffs paid the bill he was to re-transfer the lots; if they did not he was to keep the lots.    This would not, however, prevent the transaction being one of security instead of an absolute sale.

The defendants in error claim, too, that even though the transaction were one of security instead of absolute sale, the defendant below would be liable to them in the balance of the sum of $750, above the amount of lumber actually furnished.    That theory of the law cannot be sustained upon the petition upon which the case was tried.    The petition sued for the recovery of money, as a balance due for the purchase price of the lots.    It does not allege any damage sustained by reason of the defendant's failure to perform his contract to furnish lumber.    Of course if the contract was one to furnish lumber and to take the lots as a security on that contract, damages would have to be alleged and proven on

account of the breech of that contract before the plaintiffs could recover.    There is no allegation of that kind in the petition, and the case was not attempted to be tried before the jury on that theory.

There are many errors assigned, but the question referred to is the principal one, and the one that goes to the merits of the case.

The judgment below must be reversed, with directions to grant a new trial, at the costs of the defendants in error.

All the Justices concurring.