## THE CHICAGO BUILDING AND MANUFACTURING COMPANY v. F. P. KIRBY.

(Filed Feb. 8, 1901.)

1. CHANGE OF VENUE—*Justice's Court.* A change of venue will not lie from a justice of the peace to a probate court or from a probate court to a justice of the peace in a civil action, even though the amount involved is within the jurisdiction of a justice of the peace.

2. JURISDICTION—*Special Appearance, Not Waived By a General Appearance, When.* Where a court has no jurisdiction over the particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overruled his motion to such jurisdiction, he may save his exception, file his answer and proceed to trial without waiving such error; and he may take advantage of such error on appeal to a higher court.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, District Judge.*

*Uhl & Miller,* for plaintiff in error.

*Robert A. Lowry,* for defendant in error.

Opinion of the court by

BURWELL, J.: The facts in this case are identical with those in the case of the *Chicago Building & Manufacturing Company v. Pewthers.* That case was commenced before the same justice, change of venue taken to the same probate court. The judgments in the probate and district courts are the same in both cases, and the appeal taken in the same manner. And for the reasons stated in that case, the judgment of the district court of Payne county in this case is hereby affirmed at the cost of the appellant.

It is so ordered; and the district court of Payne county is hereby directed to return all of the papers certified to that court by the probate court of said county, with directions to that court to return the original papers from the justice's court to said justice.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.