## WM. CAMERON & CO. *et al.* v. CONSOLIDATED SCHOOL DIST. NO. 1 OF KIOWA COUNTY *et al.*

No. 3539. Opinion Filed September 22, 1914.

(143 Pac. 182.)

**APPEARANCE—Objection to Jurisdiction—Waiver.** A defendant, who has objected to the jurisdiction of the court over his person, may, after his objection has been overruled, in any manner defend against the action without waiving his objection; but if he does more and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a matter unnecessary to his defense, he will be deemed to have waived such objection.

(Syllabus by Thacker, C.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by Wm. Cameron & Co. against the Consolidated School District No. 1 of Kiowa County, Okla., Link Cowen and Jack Kahoe, doing business under the firm name of Cowen & Kahoe or Kahoe & Cowen, Commerce Trust Company, a corporation, and C. T. Herring Lumber Company, a corporation, for debt against said Cowen & Kahoe individually and as such copartners, and for foreclosure of materialman's lien against said School District, as owner, and against C. T. Herring Lumber Company, as claimant; and cross-petition for similar relief against same parties by said C. T. Herring Lumber Company. Judgment for Wm. Cameron & Co., and also for C. T. Herring Lumber Company, against Link Cowen, but denying their several claims of liens, from which they appeal. Link Cowen filed cross-petition in error, presenting the question of jurisdiction of his person. Judgment affirmed.

*O. B. Reigel,* for plaintiff in error Wm. Cameron & Co.

*Hays & Hughes,* for plaintiff in error C. T. Herring Lumber Co..

*Blakeney, Maxey & Miley,* and *L. M. Keys,* for cross-petitioner in error Link Cowen.

Opinion by THACKER, C.   This action was commenced in the district court of Kiowa county, Okla., by Wm. Cameron & Co., a corporation, against consolidated school district No. 1 of Kiowa county, Link Cowen and Jack Kahoe, copartners, doing business under the firm name of Cowen & Kahoe, the Commerce Trust Company, a bonding corporation, of Kansas City, Mo., and C. T. Herring Lumber Company, a corporation, to recover of Link Cowen and Jack Kahoe, and Cowen & Kahoe, copartners, who had constructed a school building for said school district, and said Commerce Trust Company, as sureties on the bond of said Link Cowen and Jack Kahoe, and Cowen & Kahoe, the price

of material furnished them and used in such building, amounting to $566.15, also to foreclose an alleged lien upon such building and, in this action, to deny and bar any claim of right any defendant might have affecting the same property. The C. T. Herring Lumber Company filed a similar petition against Link Cowen and Cowen & Kahoe for $525.25 and to foreclose a similar lien upon the same property.

Neither Cowen, Kahoe nor the Commerce Trust Company resided or were found in Kiowa county. The plaintiff's right to sue in that county was wholly dependent upon the fact that said school district and C. T. Herring Lumber Company might be found and summoned therein.

The plaintiff and said C. T. Herring Lumber Company each recovered judgment for the amount of its claim against Link Cowen; but judgment was denied them against the Commerce Trust Company; and their demand for foreclosure of the lien claimed was also denied. Link Cowen moved to quash service of summons upon him upon the grounds that he was not found or summoned in said Kiowa county, nor a resident of the same, which motion was overruled and exception thereto was reserved; and thereupon he filed, first, a demurrer, which was overruled, and finally he filed a plea to the jurisdiction of the court over his person, a general denial, and a cross-petition against said school district for $4,452.50 as his answer.

The two original plaintiffs in error, in deference to decisions subsequent to the trial of this case, have in effect abandoned their contention that the property of defendant school district is subject to their claims of lien.

The only question requiring consideration and decision in this case is as to whether (assuming, but not deciding, that he was not rightfully sued, in the first instance, in Kiowa county) Link Cowen waived his objection to being so sued by his cross-petition against the school district.

In *F. C. Austin Mfg. Co. v. Hunter,* 16 Okla. 86, 86 Pac. 293,

it is held that although one, having properly objected to the jurisdiction of the court over his person, which had been overruled, may thereafter answer and proceed to trial without being deemed to have entered a general appearance or to have waived his objection, but, if he asks for affirmative relief against the plaintiff, he thereby waives such objection and submits himself to the jurisdiction of the court for all purposes.

That defense does not constitute waiver, see *Oklahoma Fire Ins. Co. v. Barber Asphalt & Paving Co.*, 34 Okla. 149, 125 Pac. 754; *Spaulding et al. v. Polley,* 28 Okla. 764, 115 Pac. 864; *St. Louis & S. F. R. Co. v. Clark,* 17 Okla. 562, 87 Pac. 430; *Chicago Bldg. & Mfg. Co. v. Kirby,* 10 Okla. 730, 63 Pac. 966; *Chicago Bldg. & Mfg. Co. v. Pewthers,* 10 Okla. 724, 63 Pac. 964.

That asking affirmative relief which is not defensive does constitute such waiver, see *Pratt v. Pratt,* 139 Pac. 261; *Walton v. Kennamer et al.,* 39 Okla. 629, 136 Pac. 584; *Haynes v. City Nat. Bank of Lawton,* 30 Okla. 614, 121 Pac. 182.

We think the principle is the same whether he asks for affirmative relief against the plaintiff or against a codefendant, or does more than defend himself against the action brought against him.

For the reasons given, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.