## COMMONWEALTH COTTON OIL CO. v. HUDSON et al.

No. 5483—Opinion Filed Jan. 11, 1916.

Rehearing Denied Feb. 29, 1916. Second Petition for Rehearing Denied Dec. 12, 1916.

(161 Pac. 535.)

1. **Appeal and Error—Courts—Jurisdiction over Person—Objection—Waiver.**

A defendant who has objected to the jurisdiction of the court over his person may. after his objection has been overruled, in any manner defend against the action without waiving his objection; but, if he does more, and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a matter unnecessary to his defense, he will be deemed to have waived such objection.

(a) Testing the sufficiency of the petition by demurrer, or by motion to make more definite to the end that it may be intelligently answered and defended, is not asking such affirmative relief as will deprive the defend

ant of the benefit of his objection to the jurisdiction.

(b) Where the objection of a defendant to the jurisdiction of the court over his person has been overruled and exceptions saved, he is not required to appeal from such action within the statutory time allowed for appeals, but may save the point and have it reviewed here on appeal from the final judgment in the case.

## 2. Process — Witness—Exemption — Representative of Corporation.

The exemption allowed a witness, while actually attending court in obedience to the commands of a subpoena, from being served with summons in a suit in a county in which he does not reside, and would ordinarily not be suable, extends to the service of summons on him in his representative capacity as managing officer or agent of a corporation.

(Syllabus by Brewer, C.)

Error from District Court, Pawnee County; L. M. Poe, Judge.

Action by M. W. Hudson and another, partners as Hudson & Smith, against the Commonwealth Cotton Oil Company, a corporation. Judgment for plaintiffs, and defendant brings error. Reversed and dismissed.

Robert A. Lowry, for plaintiff in error.

McNeill & McNeill, L. V. Orton, and J. M. Springer, for defendants in error.

Opinion by BREWER, C. This suit was filed on November 28, 1911, in the district court of Pawnee county by Smith and Hudson, doing business as copartners, against Commonwealth Cotton Oil Company, as defendant, to recover damages in a large sum, alleged to have been caused by the breach by defendant of the terms of a contract between the parties relative to furnishing yardage and facilities for watering a herd of cattle to be put on feed for the market. A summons was served on John H. Bellis in Pawnee county, wherein the suit had been filed; he being admittedly the managing agent of the defendant, in the full superintendency and control of its business. After the service of the summons, defendant appeared specially and filed a plea attacking the jurisdiction of the court, the grounds of which, substantially stated, are: That defendant is a domestic corporation located, situated, and doing business in Payne county, wherein its principal place of business is located at the town of Cushing; that it was not on the date of the alleged service of summons, nor had it at any previous time, been situated in Pawnee county, nor had it ever had its principal place of business or office in such county; that none of its principal officers resided in Pawnee county, nor were any of its said officers or agents in said county on the date of service, except its managing agent, John H. Bellis; that he was only found in said county as he was passing through it on a railroad train, under the necessity and commands of process out of the county court of Payne county, commanding his appearance as a witness therein on said day; that in going from his place of residence to attend said county court in obedience to said process he went on a certain railroad train, which was the usual, proper, and convenient method for him to pursue, and in doing so he passed through Pawnee county, and was therein served with the summons in this suit; that same was not legal or binding, because of the exemption afforded witnesses in attendance upon courts under process from being thus sued or served with process outside the county of their residence. To support this plea defendant introduced the subpoena under which he was traveling when served, the affidavit of said Bellis, and that of the county judge, showing that Bellis attended on that date, under the subpoena as a witness, in a certain criminal case pending in Payne county. The court overruled the plea to the jurisdiction, and defendant reserved its exception to the action of the court.

Afterwards defendant filed a motion asking the court to require plaintiffs to make their petition more definite in certain matters, so that it could intelligently answer and defend against the same. It then filed its answer to the petition, saving and reserving at all times its objections to the jurisdiction of the court to proceed with the suit. At a trial judgment was rendered against defendant for a large sum of money, from which it appeals, and presents at the threshold of the case this question of jurisdiction.

Section 5064, Rev. Laws 1910, reads:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county, while going, returning or attending, in obedience to a subpoena."

The proof in this case is unequivocal, clear, and convincing that the defendant's managing agent was caught and served in Pawnee county with the summons in this case, at a time when he was in transit through that county, on no business of his own or that of his company, but solely because of the commands of the process of the county court of Payne county. There is not the slightest question but what the trial court ought to have sustained the plea to its jurisdiction, and that by not doing so it has permitted this suit against defendant in a

county other than that in which it was domiciled, doing business, and had its principal place of business. It is, we think, the well-settled rule of this court that, upon the overruling of such a plea to the jurisdiction, defendant may go on and answer and defend the suit brought against him, and, having saved his exceptions to the ruling of the court on his plea of the jurisdiction, may have such ruling reviewed here upon an appeal, bringing up the whole case. The latest expression of this court may be found in the case of Wm. Cameron & Co. v. Consolidated School Dist. No. 1, 44 Okla. 67, 143 Pac. 182, in the syllabus of which case the whole law involved here is very aptly and tersely stated. It follows:

"A defendant who has objected to the jurisdiction of the court over his person may, after his objection has been overruled, in any manner defend against the action without waiving his objection; but, if he does more, and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a matter unnecessary to his defense, he will be deemed to have waived such objection."

This rule begins with the holding in Chicago Bldg. & Mfg. Co. v. Pewthers, 10 Okla. 724, 63 Pac. 964, and Chicago Bldg. & Mfg. Co. v. Kirby, 10 Okla. 730, 63 Pac. 966; in which latter case it is said in the syllabus:

"Where a court has no jurisdiction over the particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overruled his motion to such jurisdiction, he may save his exceptions, file his answer, and proceed to trial without waiving such error: and he may take advantage of such error on appeal to a higher court."

The same doctrine is announced in the following cases: Austin Mfg. Co. v. Hunter, 16 Okla. 86, 86 Pac. 293; St. L. & S. F. R. Co. v. Clark, 17 Okla. 562, 87 Pac. 430; Okla. Fire Ins. Co. v. Barber Asphalt Pav. Co., 34 Okla. 149, 125 Pac. 734. And in Spaulding et al. v. Polley, 28 Okla. 764, 115 Pac. 864, the same rule is announced by Mr. Justice Williams, who in that case held that not only could a person save his exceptions to the action of the court in overruling his plea to its jurisdiction over his person, and have same reviewed by the Supreme Court, although he had thereafter demurred and answered and tried the case, but held further that he did not have to appeal thereon within one year, but might have the benefit of his exceptions in an appeal of the whole case taken in apt time after the rendition of the

final judgment therein, and in which holding Buxton v. Alton-Dawson Mer. Co., 18 Okla. 287, 90 Pac. 19, holding otherwise, was specifically overruled.

With such a line of decisions directly in point, we are not concerned with the great conflict upon this question, which will be noticed by an examination of the decisions. But an exceedingly valuable note will be found attached to the case of Corbett v. Physician's Casualty Ass'n. 16 L. R. A. (N. S.) 177.

It is contended that, even though the plea to the jurisdiction was good and should have been sustained, yet that the same was waived by the defendant; and the grounds for this is the claim that defendant went beyond what was necessary in his defense of the suit, and asked for affirmative relief. thus waiving the defect in jurisdiction under the doctrine of Wm. Cameron & Co. v. Consolidated School Dist. No. 1, supra. Of course, this claim is sound in law if it is sound in fact. To determine this has required an examination of defendant's pleadings. This we have made, and from it we conclude that defendant did not invoke any affirmative relief, but all it did was merely in aid of its defense, and with no purpose of obtaining any relief, except that it go hence freed from the claims and liabilities alleged against it in plaintiff's petition. Neither was the motion to make more definite a waiver. It will be recalled that in Spaulding v. Polley, supra, the party complained of the want of jurisdiction, tested the sufficiency of the petition by demurrer as well as by answer, after his plea to the jurisdiction had failed, and yet, he was allowed the benefit of his plea in this court, and the cause was reversed thereon. The reason given by the courts for holding that making a defense does not waive the jurisdictional point is that, in theory at least, the defendant has been brought into court wrongfully and is there under protest, and answers and defends himself, in a sense, under compulsion, and that, such being the case, he may do so, still preserving his rights on the point of jurisdiction. Now, if he can thus answer and defend himself, we can see no reason why he should not ask that the petition he must answer be made definite on certain points, so that he may intelligently answer. We therefore believe and hold that the service of the summons in this case was unlawful, because of the privilege and exemption existing at the time, and that the court erred in overruling the plea to the jurisdiction.

On this phase of the case one other

point needs consideration. This point is raised by the claim that the exemption does not apply, for the reason that the witness was served with summons, not as an individual, but in his representative capacity as agent of defendant corporation. To sustain this point reliance is had upon the case of Currie Fertilizer Co. v. Krish (Ky.) 74 S. W. 269, which case, it may be fairly said, supports the contention made. But the Supreme Court of Tennessee, in the case of Sewannee Coal C. & Land Co. v. Williams & Co., 120 Tenn. 339, 107 S. W. 968, refused to follow the Kentucky court as against the weight of authority and sound reasoning. In the last-named case it is said:

"Jurisdiction can be obtained of the corporation only by service of process on its officers or agents who are presumed to be interested in the corporation. We see no reason why the exemption should not apply to a suit against the corporation, with service of process on its officer, as well as if it were a suit against the individual. He is interested in either event. The case of Hulhearn v. Press Publishing Co., decided by the New Jersey court and reported in 53 N. J. Law, 153, 21 Atl. 186, 11 L. R. A. 111, is directly in point and well considered. The rule in that state is in accord with the line of authorities cited above. The court says: 'When a person happens to be an agent or officer, a service upon whom is a service upon a corporation in a foreign jurisdiction, service upon him in his representative capacity is quite as likely to be inimical to the rule of privilege as if the service was made in an action brought against the officer personally. The interest of the officer in the corporation which he represents would naturally deter him from a course of conduct which would operate to the prejudice of his corporation. The repugnance of an officer to having his corporation drawn into litigation in a foreign jurisdiction would be quite as likely to keep him at home as if it was merely the danger of service in a personal action.' This reasoning is sound, and certainly within the spirit of the rule."

We are satisfied with the views of the courts of Tennessee and New Jersey on this point, without going into other reasons against the validity of the service which might be advanced; same being made upon the idea that the agent of a corporation does not, in traveling around from one state or one jurisdiction to another, carry the corporate entry around with him into places where it is not domiciled, has no property, no business, and no agent. Along this line there is considerable authority. See St. Clair et al. v. Cox, 106 U. S. 350, 1 Sup. Ct. 354. 27 L. Ed. 222, and cases cited; Louden Machinery Co. v. American Mal. Iron Co. (C. C.) 127 Fed. 1008, and cases cited.

This cause should therefore be reversed and ordered dismissed.

By the Court: It is so ordered.