### BRADEN v. WILLIAMS.

No. 14922—Opinion Filed Jan. 22, 1924.

(Syllabus.)

1. Process—Service of Summons on Return Day—Invalidity.

Section 239, Comp. Stat. 1921, provides that summons may be served "at any time before return day." Held, the service of summons on return day is not authorized by law, and is irregular, and it is error for the court to overrule a motion to quash said service, where defendant appears specially for that purpose. Held, the same affects a substantial right of the defendant, as it gives him one less day to answer than the law allows.

2. Courts—Jurisdiction—Waiver of Objection—Asking Affirmative Relief.

A defendant who has objected to the jurisdiction of the court over his person may, after his objection has been overruled, in any manner defend against the action without waiving his objection; but, if he does more, and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a matter unnecessary to his defense, he will be deemed to have waived such objection.

3. Same.

Record examined, and held, the defendant did not invoke the jurisdiction of the court in matters unnecessary to his defense.

Error from District Court, Creek County; C. C. Smith, Assigned Judge.

Action by H. S. Williams against Ben Braden. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Streeter Speakman and Lytle & Robertson, for plaintiff in error.

Robert B. Keenan and Albertson & Blakemore, for defendant in error.

McNEILL, J. This action was commenced in the district court of Creek county by H. S. Williams against Ben Braden and George H. Jennings, for the contesting of the election of Ben Braden, elected as county judge. Summons was issued on the 17th day of January, 1923, returnable January 27, 1923, requiring the defendant to answer on or before the 16th day of February, 1923. Summons was served upon the 27th day of January, 1923, the day fixed for the return of said summons. The defendant Ben Braden, on the 16th day of February, filed a special appearance and motion to quash the said summons. Said motion was overruled, and thereafter several motions were filed, and overruled, and answer was filed. The case was tried to the court, and judgment rendered in favor of plaintiff and against the defendant Braden, and from said judgment the defendant appealed.

The first ground urged for reversal is that the court erred in overruling the motion to quash the summons. Section 239, Comp. Stats. 1921, provides:

"The service shall be by delivering a copy of the summons to the defendant personally * * * at any time before the return day."

This section of the statute is similar, if not identical with the Kansas statute, which has been construed by the Supreme Court of Kansas in the case of Dutton v. Hobson, 7 Kan. 126, where the court announced the following rule, to wit:

"The service of a summons on the return day is not authorized by law, and the judgment rendered on default on such a service will be reversed at the instance of the judgment debtor, if he seeks relief in proper time."

In the body of the opinion the court stated as follows:

"This was the return day, while the statute limits the service to 'any time before the return day.' Civil Code, par. 64. The statute is positive. We cannot construe it away or enlarge it. In Meisse v. McCoy's Adm'r, 17 Ohio St. 229, such a service was held voidable,—an irregularity that could be corrected on motion or waived by answer. In our opinion it is a defect that can be corrected on error. It is an error that affects the substantial rights of the defendant, as it gives him one less day to answer than the law allows. It is not a defect that makes the judgment void; and if a party permits it to go unchallenged till he has lost the right to correct it, by reason of the lapse of time, the judgment would be binding on him."

Other Kansas cases supporting this rule are Armstrong v. Grant, 7 Kan. 181; Claypoole v. Houston, 12 Kan. 256; Simcock v. First National Bank of Emporia, 14 Kan. 403. The defendant in error concedes that the Kansas court has so construed the statute, but contends the above section of our statute should be construed with section 235, Comp. Stat. 1921, and when construed together, service is authorized upon the return day. Defendant in error, however, cites no authorities to support said contention. We think there is no merit in this contention. Section 239, supra, is plain and unambiguous and authorizes the service of summons "at any time before return day." This section of the statute is positive. When the defendant appeared specially by motion to quash said summons, it was error for the trial court to overrule said motion.

It is next contended that the defendant's special appearance and motion to quash was insufficient because it fails to direct the court's attention to the specific error complained of. The motion to quash was in substance as follows: Defendant appears specially and for the purpose of this motion only, moves the court to quash, set aside, and hold for naught summons and purported service thereof in the above entitled cause for the reason the same was not issued, served and returned according to law and was insufficient to confer jurisdiction upon this court. The defendant in error, to support this contention, cites 32 Cyc. 526, and certain cases from other jurisdictions supporting the rule announced therein. Without discussing what the rule is in other states, this court has approved a motion almost identical with the one under consideration in the case at bar, in the case of St L. & S. F. Ry. Co. v. Clark, 17 Okla. 562, 87 Pac. 430. The motion set out in the opinion is as follows:

"Comes now said defendant, St Louis & San Francisco Railroad Company, a corporation, appearing specially and for the purpose of this motion only, and moves the court to quash and hold for naught the summons and pretended service thereof in said cause, for the reason that same was not issued, served, and returned according to law."

The court held it was error to overrule the motion and reversed the case. This case has been cited with approval and followed by this court in the following cases: State ex rel. Collins v. Parks, Judge, 34 Okla. 335, 126 Pac. 242; Wm. Cameron & Co. v. Consolidated School District No. 1, Kiowa County, 44 Okla. 67, 143 Pac. 182; Lauston v. Lauston, 55 Okla. 518, 154 Pac. 1182; St. Louis & S. F. Ry. Co. v. Reed, 59 Okla. 95, 158 Pac. 399; Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 Pac. 535; and cited with approval by the federal court in the case of St. L. & S. F. Ry. Co v. Loughmiller, 193 Fed. 69.

In the case of Stith v. Peckham, 4 Okla. 254, 46 Pac. 664, this court was referring to a motion for new trial, and stated as follows:

"No objection to the form of the motion seems to have been made in the court below; and this objection is too technical to be entitled to serious consideration in the Supreme Court."

In other words, if the motion is insufficient to apprise the court or the opposite party of the exact objection relied upon, some objection should be made to the motion in the trial court, before the court passes upon the same, but the motion cannot be said to be a nullity.

It is next contended that the error, if any, is harmless, citing Hines v. Bacon, 91 Okla. 55, 215 Pac. 1048, and Continental Insurance Co. v. Norman, 71 Oklahoma, 176 Pac. 211. These cases have no application where the party has been deprived of the time allowed by statute in which to answer. When

a party has been deprived of the time allowed to answer, he has been deprived of a substantial right. See Dutton v. Hobson, supra; Aggers v. Bridges, 31 Okla. 617, 122 Pac. 170.

It is next contended the defendant has waived his objection by his failure to renew same at subsequent stages of the proceeding. The defendant filed his motion for new trial. One of the grounds was paragraph one of the statute, relating to motion for new trial, which is, in substance, irregularity in the proceedings of the court, and abuse of discretion on the part of the court in which defendant was prevented from having a fair trial. This court in the case of M., O. & G. R. Co. v. McClellan, 35 Okla. 609, 130 Pac. 916, stated as follows:

"We think by this provision of the statute it was intended to provide that wherever there has been a trial in a case, if any irregularity of the court has occurred, or any order has been made by the court at any stage of the proceedings which has prevented a fair trial, such error may be corrected by a motion for a new trial".

In the case of Masoner v. Bell, 20 Okla. 618, 95 Pac. 239, it was held, in order to preserve the ruling of the court upon a motion, it must be assigned as error in motion for new trial, and unless so, the error, if any, is waived. So, it will be noticed, the defendant followed the rule announced by this court by filing his motion for new trial, and assigned "irregularities in the proceedings of the court", which include the error in overruling the above motion, and then assigned the same as error in the petition in error in this court. We think this is all that was necessary.

It is next contended that defendant has waived the error complained of by seeking affirmative relief, to wit, by asking additional time in which to plead; (2) upon motion to dismiss upon the ground that plaintiff was not a proper party; (3) request of stay of execution until final judgment; (4) by answer and by way of cross-petition and counter contest. We think there is no merit in this contention, and these questions are all settled in the case of Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 Pac. 535, contrary to defendant in error's contention. In regard to asking for affirmative relief, it must be remembered that this is a contest for office; plaintiff was seeking to have the ballots in the 66 boxes counted for the purpose of proving he received a majority of the votes. The defendant, by way of defense, requested the counting of certain boxes, and alleged that the returns from those precincts were incorrect, or that the election in those precincts was illegal. The defendant was seeking, not affirmative relief, but seeking to prove those matters which would disclose that he was duly elected and entitled to hold the office. As said in Commonwealth Cotton Oil Co. v. Hudson, supra, in substance:

"If he invokes the jurisdiction of the court in a matter unnecessary to his defense, he will be deemed to have waived such objection."

In none of the steps taken by the defendant was it invoked, except what was necessary to his defense.

For the reasons stated, the judgment of the court is reversed, and the cause remanded, with instructions to the trial court to sustain the motion to set aside the service of summons and hold the same for naught.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and MASON, JJ., concur.