**SMITH, Adm'r, v. BURT et al.**

No. 19737. Opinion Filed June 23, 1931.

H. C. Hargis and F. O. Yarbrough, for plaintiffs in error.

Hamilton, Cross & Howard, for defendant in error H. G. Burt.

Humphrey & Spence, for defendant in error C. E. Riley.

E. E. Grinstead, for defendant in error Citizens Nat. Bank of Pawhuska, assignee of judgment.

CLARK, V. C. J. This action was com-

menced in the district court of Osage county by defendant in error, H. G. Burt, against plaintiffs in error S. M. Smith, Fred Ehler, and A. C. Black and defendants in error Seth Lewis, Hugh H. Ralstine, and C. E. Riley.

The plaintiff below, H. G. Burt, alleged in his second amended petition, in substance, that he and the defendants entered into a joint adventure by which they purchased certain oil and gas mining leases, and the title thereto was placed in a trustee, and that he and the other defendants owned proportionate parts thereof as set out in the amended petition; that he and the defendants thereupon co-operated together in developing and operating said lease for oil and gas purposes, and that each agreed together and with each other that each would share his proportionate share of the expenses in operation and developing of the said oil and gas lease, and that each would share in the losses in the proportionate part of the leasehold estate, and that plaintiff and defendants and each of them were parties to a joint adventure; that in the operation and developing of said oil and gas mining lease, the same became unprofitable, and the returns therefrom were insufficient to pay the operating expenses. A receiver was appointed for the property of the joint adventure in the state of Kansas, which was operated by said receiver at a loss, and that the receiver sold all of the property of the joint adventurers.

Plaintiff further alleges, in substance, that during the operation of said leasehold estate and before the receivership thereof, acting as trustee for the stockholders and interest holders of said lease, and for the purpose of securing funds for the operating and developing of said lease, he borrowed the sum of $13,800, and that said sum was used in developing and operating the said oil and gas lease; that judgment has been rendered against the plaintiff and defendant C. E. Riley on said indebtedness in the principal sum of $15,371.66, with interest at the rate of 8 per cent. per annum from date of January 30, 1925, and the further sum of $1,000 attorney fees; that proceeds and the sale of the property under the receivership were applied to said judgment; that the plaintiff made payments from his own money, and other sums received upon said indebtedness, as stated in the petition; that defendants have not paid any part thereof; and that the plaintiff and defendant C. E. Riley were judgment debtors of record, but that all of the defendants are obligated in their proportionate part of said indebtedness to refund to plaintiff the part of said indebtedness over the amount that plaintiff was obligated to pay of his proportionate part of said indebtedness; that plaintiff is entitled to a judgment requiring each defendant to contribute his proportionate part of said indebtedness. Plaintiff prayed for judgment against each of the defendants, requiring each of said defendants to pay the necessary amount and contribution to said entire indebtedness, and to refund to plaintiff the proportionate part that he had expended therein above his proportion, and decreeing that the judgment rendered against plaintiff and defendant C. E. Riley be decreed a judgment against all of the defendants, and requiring each of said defendants to pay his proportionate part thereof, and asked for all other relief proper in the premises.

Motion to make petition more definite and certain was filed, overruled, exceptions saved. Defendant in error Seth Lewis filed demurrer, which was overruled, exceptions saved. Demurrers were filed by plaintiffs in error to the first amended petition of plaintiff, H. G. Burt, on the grounds it failed to state a cause of action against the defendant, but we are unable to find where a demurrer of plaintiffs in error was filed to the second amended petition; however, the order of court, which is dated long after the filing of the second amended petition, shows that separate demurrers of the various defendants, who are plaintiffs in error herein, were overruled and exceptions saved thereto.

The plaintiffs in error herein filed joint answer and cross-petition to the second amended petition of plaintiff, in substance, as follows: Admitted plaintiff and defendants during all times mentioned in plaintiff's petition were owners and cotenants of the oil and gas lease, and owners of the equipment on said leases, and that the cotenancy mentioned was in the proportions mentioned in the petition; denied they were engaged in the joint adventure of developing of the leases for oil and gas or exploring them in any way; that the trustee, one A. F. Gabel, was at all times in possession and management and control of the property; that plaintiff H. G. Burt was not the party interested in this action or entitled to maintain same; that plaintiff was not empowered or authorized by these defendants to borrow any money or pledge any credit; that if they borrowed any money, it was not on account of the joint adventure.

By way of cross-petition against plaintiff, they alleged, in substance, that they were cotenants with plaintiff; that they were nonresidents of the state of Kansas, where the

properties were located; that plaintiff was a resident of the state of Kansas; that plaintiff wrongfully and without authority took possession of the property, appropriated it to his use, squandered and scattered the same; that his acts and conduct was without knowledge, consent, or authority of defendants; that defendants lost their entire investment; denied generally the allegations in petition except as admitted; prayed that plaintiff take nothing, that they have judgment against the plaintiff for damages in converting their properties in the sum set out in the answer, and for cost, and for all further relief which may be equitable, just and proper.

Defendant below, C. E. Riley, defendant in error herein, filed separate answer and cross-petition against his codefendants; admitted the allegations in plaintiff's petition; alleged in his cross-petition against his codefendants, who are plaintiffs in error herein, that he and the plaintiff and codefendants became interested in a joint adventure in development of oil and gas mining leases; that the interests of each were as set out in plaintiff's petition; that it was mutually agreed by all that the leases should be developed and each bear his part of the expenses and share their part of the profits or losses; that he was given authority by all interested parties to take charge of such development; that he expended a large sum of money, the amount as set out in his cross-petition, in the development of said leases; that said leases proved of no value, and a loss of the full amount so expended; that plaintiff has paid his part of the loss; that this defendant's codefendants have paid no part of the loss, although demand has been made; prays judgment against each of his codefendants for the necessary amount and contribution to satisfy the entire indebtedness, and asks for all other relief proper and equitable.

Reply was filed by plaintiff to the answer and cross-petition of the defendants in error herein by way of general denial and set out specific denials of the affirmative allegations set up in cross-petition.

The defendant Seth Lewis filed separate answer by way of general denial.

Thereafter the cause came on for trial on the jury assignment of the docket and the court made a finding that the cause was not a jury case, but was a court case, and was stricken from the jury assignment and assigned for trial as a court case.

Thereafter the cause was tried as an equity case; special findings of fact and conclusions of law were made by the court. Judgment was rendered against plaintiffs in error, and the cause is brought here for review.

Plaintiffs in error, in their brief, first contend:

"The court erred in overruling the demurrer of plaintiff in error to the amended petition of defendant in error H. G. Burt."

This contention is without merit. The action was commenced by defendant in error H. G. Burt, plaintiff below, for contribution from joint adventures; alleging that plaintiff and defendants engaged in a joint adventure; that the matters and things connected therewith were completely wound up, and that certain monies were due plaintiff for monies advanced by plaintiff and obligations incurred, the exact amount having theretofore been found due; that demand had been made therefor and refused, and asked for all other proper relief.

The plaintiffs in error, after the demurrer was overruled, filed their answer, and, by way of cross-petition, asked for affirmative relief by way of damages against plaintiff below, and for all further relief which may be equitable, just and proper.

Plaintiffs thereby waived any objection they may have had to the jurisdiction of the court.

In the case of Wm. Cameron & Co. v. Consolidated School District No. 1, 44 Okla. 67, 143 Pac. 182, this court said in the syllabus:

"A defendant, who has objected to the jurisdiction of the court over his person, may, after his objection has been overruled, in any manner defend against the action without waiving his objection; but if he does more, and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a matter unnecessary to his defense, he will be deemed to have waived such objection."

And, in the opinion, at page 70 of 44 Okla., the court said:

"We think the principle is the same whether he asks for affirmative relief against the plaintiff or against a codefendant, or does more than defend himself against the action brought against him."

Also, followed in the case of Braden v. Williams, 101 Okla. 11, 222 Pac. 948:

"The filing of a cross-bill seeking affirmative relief, founded on matters clearly of equitable cognizance, growing out of the subject-matter of the original bill, will cure a defect of jurisdiction under the original

bill and authorize the granting of relief to any party entitled thereto." 21 C. J. sec. 611, p. 506.

In the case of Perry v. Morrison, 118 Okla. 212, 247 Pac. 1004, this court defined "joint adventures" in the first paragraph of the syllabus as follows:

"A 'joint adventure' is a special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation."

And in the case of Keyes v. Nims (Cal.) 184 Pac. 695, the court distinguishes "partnership" and "joint adventure," and in the second paragraph of the syllabus, says:

"One of the features which distinguishes a 'partnership' from a 'joint adventure' is the element of principal and agent which inheres in the partnership relation, each partner embracing the character both of principal and agent, being the former when he acts for himself in the partnership, while in a joint adventure no one of the parties can bind the joint adventure."

And in the case of Reece v. Rhoades (Wyo.) 165 Pac. 449, the court defines what constitutes joint adventures, and announced the rules that one party may sue the other at law for a breach of the contract, or share of the profits or losses, or for contribution for advances, as follows, third paragraph of the syllabus:

"A joint adventure partakes of the nature of a partnership and is governed substantially by the same rules of law, the principal distinctions being that a joint adventure usually relates to a single transaction, though it may comprehend the business continued for a period of years, and that one party may sue the other at law for a breach of the contract or a share of the profits or losses or for contribution for advances without precluding a suit in equity for an accounting or for a dissolution, and a joint adventure contract need not be express."

With reference to construction to be placed on the petition and admissions of the demurrer, this court said, in the case of Griffin Grocery Co. v. Scroggins, 145 Okla. 9, 293 Pac. 235:

"Defendant's demurrer to plaintiff's petition, and defendant's objection to the introduction of evidence by plaintiff in support of her petition, on the ground that the petition does not state facts sufficient to authorize recovery, for the purpose of consideration of such demurrer and objection, admit the truth of the allegations and the logical and rational inferences to be drawn therefrom; and both are properly overruled, where the allegations are logical and rational inferences to be drawn therefrom will authorize a recovery."

The next and only other contention presented by plaintiffs in error in their argument in their brief is as follows:

"The court erred in not rendering judgment for the plaintiffs in error and against the defendants in error."

The defendant in error C. E. Riley filed in said cause cross-petition against his codefendants, plaintiffs in error herein, setting up the joint adventure, the interest of each of defendants in error, and all parties thereto, same as in plaintiff's petition; that it was agreed to develop said leases, and that each would bear his part of the expenses; that he was given authority by all interested parties to take charge of such development and do such acts as necessary and make such necessary expenditures; that he did so; that he expended the sum set out in his cross-petition, same as that in plaintiff's petition; that the defendants, plaintiffs in error, have paid no part thereof, and that they are indebted to him for their proportion thereof. Prayed for contribution and refund.

This cross-petition stands undenied in the record, and the plaintiffs in error herein failed to plead thereto.

This cause came on for trial on the jury assignment, and, on motion for continuance by one of plaintiffs in error herein, the court decided that the cause was a court case, and continued the same to the court docket without objection or exception by either of the parties thereto, and it was tried as a court case.

The evidence discloses that the oil and gas leases and equipment in question were owned by Grouse Valley Oil & Gas Company, a corporation, and the corporation became heavily indebted to various parties, among whom were the plaintiffs in error, who were the principal stockholders in said corporation.

The plaintiffs in error and others of the stockholders in said corporation negotiated a sale of the assets of the corporation to H. G. Burt, plaintiff below, and to the defendants below, a part of whom are plaintiffs in error herein, for a large sum of money, sufficient to pay the indebtedness of the corporation and to repay to the stockholders of the corporation monies advanced by them to the corporation, and formed themselves into a separate company for the purpose of further operating the properties. The corporation retained a one-eighth royalty.

The joint adventurers paid in the total

consideration to H. G. Burt, plaintiff below, and to C. E. Riley, one of the defendants below, and they in turn paid the indebtedness and handled the financial transactions of the joint adventurers.

The properties were taken in the name of a trustee, but the trustee testified that he consented to take title to the property and act as trustee for the syndicate, provided H. G. Burt, plaintiff below, and C. E. Riley, one of defendants below, manage the properties, but that he did not want anything to do with the management thereof unless some altercation arose; that the monies for the consideration of the properties by the syndicate were paid to Burt & Riley and disbursed by them; that they, Burt & Riley, operated the properties; that they made assessment after the funds became exhausted; that they, Burt & Riley, borrowed money on their individual note, the proceeds of which went into the operation of the properties; that the properties of the joint adventurers were all sold and disposed of by order of court in Kansas by receiver, and the proceeds of the sale credited on the indebtedness; that the joint adventure had been fully closed, and that the amount sued for is the balance of the indebtedness owing by the joint adventurers, for which Burt and Riley are personally liable; that plaintiffs in error have not contributed their proportionate part thereof; that certain parties, as shown in the record, in the joint adventure are insolvent.

The evidence discloses that the plaintiffs in error, after the trustee took title to the properties under the trust agreement, acquiesced in the management of the properties by Burt, plaintiff below, and C. E. Riley, one of the defendants below; knew that the funds were paid to Burt & Riley, and paid out by Burt & Riley, plaintiffs in error receiving their part thereof owing to them for money advanced the corporation; knew assessment was made by Burt & Riley for operating expenses; knew that Burt & Riley were securing funds for operating the properties; and thereby acquiesced in modifying the trustee agreement whereby Burt & Riley was to manage the properties, and are thereby estopped from denying their authority in the handling of the operation thereof and incurring the indebtedness sued for.

The plaintiff below had a right to bring the action in his own name without joining the trustees. In the case of Bush v. Missouri State Life Ins. Co., 86 Okla. 182, 207 Pac. 317, this court said, first paragraph of the syllabus:

"Where a contract is entered into with one as trustee for the benefit of another, who is the real party in interest, the latter may sue thereon in his own name without joining the trustee."

The amount sued for in this action for contribution from the joint adventurers who had not contributed their proportionate part was monies advanced by plaintiff below and by defendant below, C. E. Riley. It is immaterial to plaintiffs in error how they secured the money, except that plaintiffs in error are liable therefor only to the plaintiff below and to the said C. E. Riley, defendant below. The fact that the said Burt & Riley borrowed the money on their own individual note, or advanced it out of their individual funds, is immaterial. The money advanced for and on behalf of all of the joint adventurers by the said Burt & Riley was paid by them. The bank from whom they secured the money held only the said Burt & Riley for same, and secured judgment against the said Burt & Riley for said sum.

In the case of Shippey v. Bearman, 57 Okla. 603, 157 Pac. 302, this court held:

"B., who was associated with defendants and others in joint adventures in buying and selling of lands, acting for himself and as the authorized agent of his associates, in good faith bought and resold a certain tract of Indian land, giving a deed with covenants of seisin and general warranty."

The title was held void—

"After said decision was announced B. purchased the title of claimants to the land and demanded contribution to the expense thereof from his associates. Held: * * * that, having so acted, he could enforce equitable contribution for the actual expenditures therefor. * * *"

The action was rightfully brought against the solvent joint adventurers for contribution, where it is proven and adjudicated by the court that the other joint adventurers are insolvent.

In the case of Appleford v. Snake River Mining, Milling & Smelting Co. (Wash.) 210 Pac. 26, in the first, third and ninth paragraphs of syllabus, the court said:

"1. Contribution among guarantors is based upon the equitable principle that, where several parties are equally liable for the same debt, and one is compelled to pay the whole of it, he may have contribution against the others to obtain from them payments of their respective shares.

"3. One coguarantor who has paid the indebtedness may not arbitrarily collect from one of several coguarantors, but is required to collect equally and ratably among those who are solvent.

"9. Before a coguarantor can be required to contribute on account of the insolvency of some other guarantor, such insolvency must be judicially determined, and, where judgment in an action of contribution provided that, if plaintiff was unable because of insolvency to require any one of coguarantors to pay his portion, that portion may be collected from those coguarantors who are so solvent, there being no adjudication made by the court as to the solvency or insolvency of defendants, the judgment was erroneous as leaving the question of solvency to plaintiff and the sheriff."

In the case at bar, the court found the insolvency of the other joint adventurers and made adjudication as to the insolvency of those against whom no judgment was rendered. Judgment was rendered against the solvent joint adventurers.

And in the case of Owens v. Greenless (Col.) 188 Pac. 721, first paragraph of the syllabus, the court said:

"The measure of liability for contribution among joint accommodation indorsers of a draft is a ratable apportionment among the solvent indorsers."

And in the case of Fleming v. Stephenson, 94 Okla. 1, 220 Pac. 599, this court said in the first and second paragraphs of the syllabus:

"Where a plaintiff seeks contribution from a defendant, he is required to show joint legal liability of plaintiff and defendant before recovery can be had.

"Joint legal liability may arise by reason of a judgment of a court against the parties, or by reason of a contractual relation existing between the parties."

In the case at bar, the plaintiffs in error, not having filed a denial to the cross-petition of their codefendant, C. E. Riley, admitted the allegations in his cross-petition.

The plaintiffs in error in the cross-petition asked for equitable relief, as well as the plaintiff below, and the codefendant C. E. Riley, defendant in error, and the cause was tried as an equitable action.

And in the case of Clark v. Sloan, 117 Okla. 303, 246 Pac. 425, second paragraph of the syllabus, this court said:

"Upon appeal in an equity case, the burden is upon the appealing party to make it appear from the record that the findings and judgment of the trial court are against the clear weight of the evidence; and unless it is so made to appear, the reviewing court will refuse to disturb the judgment because of alleged insufficiency of the evidence."

And in the case of Galloway v. Loffland, 144 Okla. 176, 289 Pac. 774, second paragraph of the syllabus, this court said:

"In an action of purely equitable cognizance, this court upon an appeal, will review and weigh the evidence, but the findings and judgment of the trial court will not be reversed unless found to be against the clear weight of the evidence."

After a careful review of the entire record in the case at bar, and the law applicable thereto, the findings of fact and conclusions of law, and the judgment thereon by the lower court, we find that the same is not against the clear weight of the evidence.

Judgment of the lower court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.