### FLEMING v. STEPHENSON.

No. 12451—Opinion Filed Nov. 27, 1923.

**1. Contribution—Proof of Joint Liability.**

Where a plaintiff seeks contribution from a defendant, he is required to show joint legal liability of plaintiff and defendant before recovery can be had.

**2. Same.**

Joint legal liability may arise by reason of a judgment of a court against the parties, or by reason of a contractual relation existing between the parties.

**3. Same.**

Where the plaintiff's claim of right of recovery against defendant depends upon ratification by defendant of a transaction had by plaintiff with a third party, the claim by plaintiff of ratification by defendant cannot avail as to conditions of which the defendant had no knowledge, nor as to conditions which both plaintiff and defendant testify did not exist.

**4. Same—Judgment—Reversal.**

Records examined, and held, that there is no theory arising under the pleadings filed, or evidence adduced upon the trial, on which the plaintiff should recover against the defendant; and that the judgment for plaintiff against defendant should be reversed and plaintiff's petition dismissed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by A. E. Stephenson against O. J. Fleming for recovery of a one-third part of a judgment had and obtained against the plaintiff, growing out of the sale of certain bank stock made by one A. W. Westlake to plaintiff and another, and part thereof assigned to the defendant, which judgment had been paid by the plaintiff. Judgment for plaintiff, and the defendant prosecutes appeal. Reversed and remanded, with directions.

John F. Curran and P. C. Simons, for plaintiff in error.

H. J. Sturgis and McKeever & Moore, for defendant in error.

Opinion by SHACKELFORD, C. The parties in this cause will be referred to as plaintiff and defendant, as they appeared in the trial court.

This lawsuit grew out of the results of a lawsuit brought and prosecuted in Kingfisher county, Okla., wherein one A. W. Westlake brought suit against Floyd E. Felt, Frank H. Letson, A. E. Stephenson, plaintiff in the instant case, Ira Cashion, and O. J. Fleming, defendant in the instant case, which suit will be referred to in this opinion as the Kingfisher case; and obtained the verdict of a jury and judgment against Floyd E. Felt, Frank H. Letson, and A. E. Stephenson, the plaintiff here, in the sum of $20.000. The court, in the trial of the Kingfisher case, sustained a demurrer to the plaintiff's testimony as to Ira Cashion and O. J. Fleming, defendant here.

In the Kingfisher case plaintiff A. W. Westlake alleged in substance and effect that he was an officer and general manager of the Farmers' & Merchants' National Bank at Hennessey, and owner of 127 shares of its capital stock, of the par value of $100 per share, and that the actual or book value of said stock was in excess of $25,000. That the defendants had formed an unlawful conspiracy to bring about a condition whereby they might force the plaintiff out of the Hennessey bank and compel him to sell his stock at greatly less than its actual value. That the defendants did; as a matter of fact, willfully, wrongfully, and fraudulently bring about such a condition of affairs that it became apparent to plaintiff that unless he sold his stock to defendants and gave up his official position in the Hennessey bank, a run would be made upon the bank and destroy it. That plaintiff was compelled to and did make a deal with A. E. Stephenson, plaintiff here, Floyd E. Felt, and Frank H. Letson, late in the night, while nervous and under the influence of morphine, and at the Hennessey bank, by

which he sold and transferred his said bank stock to A. E. Stephenson, plaintiff here, for the sum of $10,000. The essential parts of the petition in the Kingfisher case are contained in the following:

"That on September 23, 1914, while the plaintiff was in said nervous condition and state of mind, and unable to obtain sleep for several preceding nights, the plaintiff in order to induce sleep took a heavy dose of morphine at home, and the defendants, pursuant to their conspiracy and agreement brought and procured the defendants Stephenson and Letson to come to Hennessey late in the night, and that the defendants Felt, Letson and Stephenson caused the plaintiff while in a stupor from the effects of the morphine which he had taken to come down to the bank, and there and then by the combined force of their insistence and threats, and their representations, false in fact, though made apparent by the false logic to the mind of the plaintiff, that the bank could only be saved by their taking the same over, and the defendants pursuant to their plan refused to aid the plaintiff, as before promised, refused to take an assignment by purchase the realty loans so that the assets of the bank would be regular, and taking the plaintiff's secured note for the amount thereof, by way of loan, but forced, intimidated, brow-beat, and through their combined threats, force and compulsion and false arguments, compelled the plaintiff, while in a mental state of stupor which was entirely apparent to them, forced him to sell his stock worth over $25,000 to the said O. J. Fleming, A. E. Stephenson and Frank Letson (though assigned to Stephenson only by their understanding), for the sum of $10,000,. expelled him from the bank, and its management forced his resignation as president, director and stockholder, installed A. E. Stephenson in the said positions theretofore occupied by the plaintiff, and, after deducting therefrom the amount which he owed the Enid National Bank required him to borrow of them sufficient with the remaining $4,500 to make up the amount of real estate loans in the bank to enable them to be withdrawn from the bank's assets requiring the loan to be secured by the said securities, of said real estate mortgages and other mortgages notes, collaterals, and a mortgage on the home of the plaintiff, though they refused to make such loan before having forced the plaintiff's sacrifice of his stock to enable him to so replace with money the said real estate loan assets of the said bank, and would do so only on condition of the plaintiff thus sacrificing his stock in the said bank, all of which was prearranged by and between all of the defendants, and the defendants thereafter continued all of the other officers and directors in the bank except the plaintiff that were his associates prior to said date, all of which was understood and planned in advance as a part of the said conspiracy, and it was the understanding and agreement between the parties that the said Felt, in consideration of his part in the said conspiracy that he should retain his position in the bank after the change, and the fruits of the said conspiracy were shared among all the defendants. * * * And the plaintiff avers that all of the acts done as aforesaid were done fraudulently, maliciously and oppressively, and without regard to the reasonable rights of the plaintiff, and were done illegally and wrongfully, and for the purpose of defrauding the plaintiff out of his stock in said bank for less than one-half its market value, and the plaintiff was by the said acts of the defendants damaged, and he has sustained damage in consequence thereof, and as the proximate result thereof in the sum of $15,000 actual damages, and that by reason of the manner in which they were done he has sustained punitive damages which he should recover by way of punishment of the wrongful and illegal acts of the defendants in the further sum of $25,000, no part whereof has been paid."

Plaintiff in the Kingfisher case prayed judgment in the sum of $40,000.

The defendants O. J. Fleming and Frank H. Letson filed their separate general denial by way of answer. And the defendant A. E. Stephenson answered by separate general denial. This record does not disclose what appearance was made by the other defendants.

The issues in the Kingfisher case being made up, the case was tried to a jury in December, 1915. It seems that at the close of the plaintiff's testimony a demurrer was sustained thereto in behalf of O. J. Fleming, defendant here, and as to Ira Cashion. As to Floyd E. Felt, Frank H. Letson, and A. E. Stephenson, plaintiff here, the cause was submitted to the jury and a verdict was returned for plaintiff A. W. Westlake against them in the sum of $20,000, and judgment entered thereon.

The said Floyd E. Felt, Frank H. Letson, and A. E. Stephenson prosecuted an appeal from the judgment to the State Supreme Court. The cause was heard upon its merits in the Supreme Court and a remittitur ordered in the sum of $4,400, and the cause affirmed as to the balance of the judgment. This cause, referred to as the Kingfisher case, is found in the Oklahoma reports as Felt et al. v. Westlake et al., 68 Okla. 294, 174 Pac. 1041. Subsequent to the affirmance of the judgment it was found that Floyd E. Felt was financially unable to respond, and Frank H. Letson and A. E. Stephenson, plaintiff here, paid the judgment amounting to $17,927.94, each of the two paying one-half thereof.

It is agreed that soon after the plaintiff in the Kingfisher case transferred his 127

shares of stock to A. E. Stephenson, plaintiff here, that one-third thereof was transferred to O. J. Fleming, defendant here, and the same paid for on the basis of $10,-000 for the entire lot. Later this stock was sold at a margin of profit to A. E. Stephenson who had taken over the Hennessey bank.

In the instant case plaintiff A. E. Stephenson claims that he paid one-half of the judgment in the Kingfisher case, amounting to $8,963.97; and that since O. J. Fleming, defendant here, participated in the purchase of the Hennessey bank stock to the amount of one-third thereof, that he, Fleming, should be required to reimburse plaintiff to the amount of one-third of the amount so paid, or, as it was figured, the amount of $2,987.99; and upon demand the said O. J. Fleming failed to respond and this suit followed.

The petition in the instant case was filed in the district court of Garfield county on the 11th of March, 1919. The petition in effect charged that the plaintiff (A. E. Stephenson) and the defendant (O. J. Fleming), and one Frank H. Letson, pursuant to an oral agreement among them, purchased from A. W. Westlake (plaintiff in the Kingfisher case) certain shares of stock in the Farmers' & Merchants' National Bank of Hennessey, for the sum of $10,000, and that the shares were divided equally among the three. That the purchase was made by plaintiff and Frank H. Letson, acting for themselves and O. J. Fleming, with full authority from said Fleming, who was not present at the time of the purchase. That O. J. Fleming paid his portion of the purchase price and received one-third part of the shares and retained them as his own personal property until afterwards he sold them to plaintiff. That sometime after plaintiff acquired the ownership of said stock by a purchase from the defendant O. J. Fleming and from Frank H. Letson, A. W. Westlake, the former president of the Hennessey bank brought suit against plaintiff and defendant and Frank H. Letson, Floyd E. Felt, and Ira Cashion, alleging, among other things, that the capital stock was worth an amount far in excess of the amount paid for same, and for reasons alleged prayed for a judgment against A. E. Stephenson, O. J. Fleming, and others for such excess, and that in the course of the litigation a final judgment was procured against plaintiff, Frank H. Letson, and Floyd E. Felt: and that Felt was unable to respond and Letson and plaintiff were compelled to pay the judgment, which amounted to $17,927.94, one-half of which, was paid by plaintiff and the other half by Letson. Plaintiff further alleged that the amount paid by him and Letson,

together with the original amount paid for the stock, was adjudicated in the Kingfisher case to be the actual value of the Westlake stock. That all acts done in buying the Westlake stock were done by Stephenson, plaintiff here, and Letson, acting for themselves and as agent of O. J. Fleming, defendant here, and with the full consent and knowledge of the said Fleming. That one-third of the judgment in the Kingfisher case should have been paid by O. J. Fleming, defendant; but since plaintiff and Letson had paid it, plaintiff paying one-half, that defendant O. J. Fleming should contribute to plaintiff to the extent of one-third of such payment, amounting to $2,987.99, and sought to recover judgment for said sum. He alleged due demand, refusal of payment and prayed judgment for said sum.

Thus we see that the plaintiff's right to recover against defendant O. J. Fleming, if any existed, grew out of the judgment rendered against plaintiff A. E. Stephenson, Letson, and Felt in the Kingfisher case cited above.

The defendant O. J. Fleming attacked the petition with a motion to make more definite and certain by asking that plaintiff be required to show the issues or kind of a suit that was instituted by A. W. Westlake against this plaintiff and defendant and others named as defendants, by proper allegations or by attaching copies of the pleadings in the Kingfisher case, and also a copy of the journal entry, so that it might appear what was involved in the suit out of which the instant case developed; and further that the plaintiff be required to allege what the oral agreement was that was the basis for the allegation, "as a result of an oral agreement made and entered into on said date, or the day prior thereto by the said O. J. Fleming, Frank H. Letson and this plaintiff." This motion was heard and overruled and the action of the court in overruling the motion is assigned as error. Thereafter the defendant demurred to the plaintiff's petition for the reason that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the order overruling the demurrer is assigned as error.

Thereafter the defendant answered under oath, denying the allegations not expressly admitted, and specifically denying that the plaintiff or Frank H. Letson had any authority to act for defendant in purchasing the Westlake bank stock, or that any agreement was entered into between or among plaintiff, defendant, and Frank H. Letson, in advance, with reference to purchasing the

Westlake bank stock. Defendant admitted that after the purchase had been made from Westlake he bought one-third of the stock, but alleges that it was represented to him that the purchase had been fairly made, that the stock had been bought upon Westlake's offer to sell, and further alleged that he knew nothing of any claim of Westlake's that the stock had been purchased from him by fraud or misconduct of plaintiff or Letson. Defendant further alleged that at and before the time the stock was purchased, Westlake and other officers of the Farmers' & Merchants' National Bank of Hennessey were indebted to the Enid National Bank, of which plaintiff was vice-president, in the sum of $15,000, and that Westlake was town treasurer of Hennessey and was a defaulter in the sum of $20,000, and that it was feared that a run would be made upon the said Hennessey bank and cause it to fail and the Enid bank would take a loss. That because of this condition plaintiff and Letson went to Hennessey as agents and officers of the Enid bank, and had no authority to act for defendant personally. · That after plaintiff had acquired ownership of the Westlake stock he became the managing officer of the Hennessey bank and operated it for his own benefit and defendant had no interest therein. The defendant admitted the suit by Westlake against himself, plaintiff and the three other defendants because of wrong alleged to have been done, but alleged that upon the trial of the cause the court sustained a demurrer to the evidence as to O. J. Fleming, and ordered the dismissal of the suit as to him; but admitted the recovery as to plaintiff and the two others. He attached to his answer a copy of the Westlake petition, and copies of the answers thereto. He further alleged by way of defense that the recovery had by Westlake against plaintiff and others was on account of damages for fraud and conspiracy entered into by plaintiff and Letson against Westlake, and of which defendant knew nothing and had no part therein and was not liable for their wrongful conduct. The defendant further pleads that the plaintiff, by his suit is raising an issue between plaintiff and defendant that was involved in the Kingfisher case as between Westlake as plaintiff, and plaintiff, defendant, and the other defendants in that case; and that the adjudication in the Kingfisher case was a final adjudication of the issues herein involved; and attaches a copy of the journal entry in the Kingfisher case as a part of his answer. Sufficient reference to the petition in the Kingfisher case and answers thereto has heretofore been made to show the nature of the claim in that case and the defense pleaded, and will not again be recited here. The copy of the journal entry in the Kingfisher case attached to defendant's answer as exhibit "B" recites that demurrer was sustained to the plaintiff's evidence as to O. J. Fleming, the defendant here, and Ira Cashion and the cause dismissed as to them. It recites the verdict of the jury in favor of the plaintiff Westlake, and against Floyd E. Felt, Frank H. Letson, and A. E. Stephenson, plaintiff here, in the sum of $20,000. The reply of the plaintiff to defendant's answer was an unverified general denial.

Upon calling the cause for trial the defendant moved the court for a judgment upon the pleadings, which motion was overruled, and this action upon the part of the court is assigned as error.

The court submitted the cause to the jury and verdict was returned for plaintiff and judgment entered thereon, and defendant prosecutes appeal.

Many errors are assigned and argued, but the view we take of this case it will be necessary for us to examine only error assigned based upon the refusal of the court to direct a verdict for the defendant.

We have carefully examined the record in this case, and find there is no substantial dispute in the evidence; and find it unnecessary to quote extensively from the evidence, but will recite the essential facts upon which the plaintiff's right to recover against defendant, if any he has, must be based.

A. W. Westlake of the Farmers' & Merchants' National Bank of Hennessey, hereinafter referred to as the Hennessey bank, along with other officers of said bank, were indebted in a considerable sum to the Enid National Bank. The said Westlake was treasurer of the town of Hennessey, and became badly involved in his account with the town. Westlake was also the active managing officer of the Hennessey bank. A. E. Stephenson, O. J. Fleming and Frank H. Letson were the active, managing officers of the Enid National Bank. The Enid National Bank held as security for their loan to the officers of the Hennessey bank certain Hennessey bank stock. A. W. Westlake needed assistance and went to Enid to talk things over with A. E. Stephenson, and told him his troubles. At that time Fleming and Letson were away. A few days later one Felt, an officer of the Hennessey bank, went to Enid and called upon Mr. Stephenson to talk over the Hennessey bank troubles. Mr. Stephenson then called O. J. Fleming and Frank H. Letson into the conference. The amount owing by officers of the Hennessey bank to the Enid National Bank amounted to more

than $11,000. All three of these men who held the conference with Felt were active officers· and greatly interested in the Enid bank. After considerable conference it was decided that plaintiff, A. E. Stephenson, and Frank H. Letson should go to Hennessey and make an examination of the Hennessey bank for the purpose of determining the best means of protecting the Enid National Bank. The purchase of the Westlake bank stock was not discussed in the conference and no plans were laid looking to the purchase of the Westlake stock prior to the trip made by Stephenson and Letson to make examination of the Hennessey bank. It is admitted that the sole and only purpose of making the trip to Hennessey by plaintiff and Letson was in the interest of the Enid National Bank. Plaintiff and Letson while in the Hennessey bank and without any reference to the defendant, O. J. Fleming, made a deal with Westlake in which they paid him $10,000 for his bank stock and caused the certificates to be assigned and reissued immediately. One-third part of the stock was issued to O. J. Fleming and the next day Fleming was advised about the issue of the stock to him and he paid his part of the purchase price and a few weeks afterwards sold the stock to the plaintiff who had gone out of the Enid bank and had taken over the active management of the Hennessey bank. Both plaintiff and defendant testified that there was nothing wrong done by the defendant in the purchase of the Westlake stock. Defendant testified, and it is undisputed, that he never knew anything of the charge made by Westlake that he, Westlake, had been victimized and driven and compelled to sell his stock to plaintiff, defendant and Letson until the petition was filed by Westlake in the Kingfisher case. There is no dispute that Westlake's cause of action as stated in his petition was an unlawful conspiracy of the defendants to cheat and defraud plaintiff. Nor, is there any dispute that upon the trial of the Kingfisher case the cause was dismissed as to the defendant O. J. Fleming because of insufficiency of the evidence, nor is it in any way disputed that the judgment as to Fleming was proper. There is no dispute nor indeed could there be that Westlake recovered judgment in the Kingfisher case because of the alleged wrongful and fraudulent conduct of the plaintiff and others associated with him in perpetrating the wrong, but the defendant O. J. Fleming was not included in that group, as the court concluded from the evidence submitted upon the trial. The action of Westlake in the Kingfisher case sounded in tort. It was finally determined that the amount of Westlake's damage should be measured by the actual value of his stock less what had been paid. The plaintiff in this cause, as defendant in the Kingfisher case, testified in his own behalf in that case just as he testified here, that he did no wrong. He testified then and now that there was no wrongful conduct upon the part of O. J. Fleming. All parties agree upon that point. There is no dispute as to the amount of the damages in the Kingfisher case, nor as to the amount paid by the plaintiff to satisfy it. The plaintiff contends here that the judgment in the Kingfisher case was wrong, and that because he was compelled to pay, therefore, he should be entitled to have contribution from the defendant O. J. Fleming because one-third of the stock bought was assigned to the said Fleming. There is no dispute whatever about what were the allegations in the Westlake petition upon which he sought to recover, no dispute about what was contained in the orders and judgment of the court. The petition of Westlake, in the Kingfisher case, and the answers of plaintiff, defendant, the verdict of the jury and journal entry of judgment in that case were all put in evidence in this case. These instruments were introduced in evidence in the trial of this cause over the objection of the plaintiff; but we think they were competent to show the issues and result in the Kingfisher case, since plaintiff necessarily based his cause of action on the results of that case.

Upon the announcement of rest by both plaintiff and defendant, the defendant moved for a directed verdict, which motion was overruled and the defendant assigns the ruling of the court as error. This cause was tried upon the theory that the plaintiff was entitled to have the defendant contribute to the outlay made by the plaintiff in taking care of the judgment in the Kingfisher case. The plaintiff so treated it and the trial court so considered it; and instructed the jury, evidently with the approval of the plaintiff and over the objection and exception of the defendant, as follows:

"Gentlemen of the jury, the court instructs you that this is an action in contribution, and in this connection, the court instructs you that a 'contribution' is a payment made by each or by any one of several, having a common interest or liability, of his share in a loss suffered, or in an amount necessarily paid, by one of their number in behalf of all."

Then, the question arises for determination, was it, as a matter of law, a case where the plaintiff was entitled to contribution? If it was not a case where plaintiff was entitled to contribution there was no question of fact to be determined by the jury. If,

as a matter of law it was a case where the plaintiff was entitled to contribution, then it was a question of fact for the jury to determine the amount to which plaintiff was entitled; or if a mixed question of law and fact as to whether it was a cause in which the plaintiff was entitled to contribution, there would be matter for determination by a jury. In other words, if the plaintiff alleged, and his proof tended to support the allegations, matters of fact which would make it a cause for contribution, and the defendant alleged, and his proof tended to support his allegations, a state of facts that would free defendant from the liability to contribute, then the question should have been submitted to the jury to determine which of the two sets of alleged facts were true. In this cause there was no substantial dispute as to the facts, and the real dispute arises as to whether the facts presented made a cause entitling the plaintiff to contribution.

In the Kingfisher case, plaintiff, defendant, and three others were sued as joint tort-feasors; and upon the trial plaintiff's evidence failed to connect the defendant O. J. Fleming with any wrongdoing, and the testimony of both the plaintiff and defendants here shows that no wrong was done by the defendant O. J. Fleming in connection with the purchase of the Westlake stock. The jury in the trial of the Kingfisher case found against plaintiff A. E. Stephenson and two others, which necessarily means that they believed from the evidence in that case that Stephenson and the others had perpetrated a wilfull fraud and wrong against Westlake and returned their verdict accordingly, all notwithstanding the plaintiff's (A. E. Stephenson's) protestations of innocence of wrongdoing both in his testimony in the Kingfisher case and here. It is insisted by the plaintiff, however, that the pleadings and judgment in the Kingfisher case could prove nothing further in the instant case than the fact that a recovery was had against plaintiff in that case. But we think that they served the purpose of proving more than that. They proved also that the recovery had in the Kingfisher case grew out of Stephenson's stock deal with Westlake, and what Westlake relied upon for recovery. But, whether the determination of the plaintiff's wrong in the Kingfisher case is res judicata here, is a matter of no consequence as we view this case, and we shall not take time to discuss the feature of the case.

We conclude that before the plaintiff Stephenson may have a recovery against O. J. Fleming there must be a showing of some kind that there was some sort of joint legal liability on the part of plaintiff and defendant to pay Westlake. A joint legal liability might grow out of one or both of two conditions; one emanating from a contractual relation, either express or implied; and the other arising by reason of a judgment fixing the liability. The parts of the record in the Kingfisher case introduced in this case prove in themselves that no joint legal liability was fixed upon the plaintiff and defendant by reason of a judgment; for the judgment was against the plaintiff and in favor of the defendant in determining their liability as between them and Westlake. Then, if there is a joint legal liability on the part of plaintiff and defendant it must have grown out of some contractual relation. Such contractual relationship must be found either in the transaction had by plaintiff and defendant on the one side, and Westlake upon the other side, either express or implied, or if not there, then it must exist as between the plaintiff and defendant themselves without any reference to Westlake, and again must have been either express or implied. Again the judgment roll in the Kingfisher case proves that there was no claim made by Westlake of a joint legal liability of plaintiff and defendant growing out of a contract either express or implied, as between them on one side and him on the other. His claim was based purely upon an alleged wrongdoing of the defendants, the plaintiff and defendant here, and others. And the proof in the Kingfisher case, as far as we are able to determine from what we have before us here, did not in any manner tend to show that defendant Fleming had anything to do with making the deal with Westlake. Then, it follows, that if defendant is in any way liable to plaintiff in the instant case, such liability must have grown out of a contractual relationship existing between plaintiff and defendant themselves without any reference to Westlake. So, it becomes necessary for us to minutely examine the relationship of plaintiff and defendant in this affair to see if there was any express contract between them that would create a liability on the part of the defendant to contribute to the outlay made by plaintiff in taking care of the judgment in the Kingfisher case, and if not express, then was there such relation as the law would imply legal liability on the part of the defendant to help plaintiff take care of the judgment in the Kingfisher case.

It was testified to by both plaintiff and defendant that in their conference with Felt before plaintiff went to Hennessey to examine the bank, their interest in the matter was solely as officers of the Enid Nation-

al Bank, and that the purpose of the trip was to see what could be done to protect the Enid Bank. They were acting for the Enid bank as its active managing officers and agents. There is not the slightest suggestion in the testimony that plaintiff started out to act for the defendant as an individual, in the capacity of agent for him or otherwise. So far as the defendant was concerned, whatever was to be done was for the benefit of the banking institution which he was helping to operate. The purchase of the Westlake stock was an afterthought and a matter that had not been under consideration in the conference before plaintiff-made the trip, and it is apparent from the evidence that when the deal was made for the stock it was for the benefit of the Enid National Bank and the transfer was made to the individual officers for the reason that the Enid bank was prohibited by law from trafficking in the stock of the Hennessey bank. At the time the stock was transferred Westlake owed the Enid National Bank $5,500, and this amount was credited upon the purchase price of the stock so the officers taking the stock became the trustees of the Enid bank, at least to that extent. Whether the assignees of the Hennessey bank stock paid this sum into the Enid National Bank out of individual funds or whether the balance of the purchase price was paid by the individuals out of private funds is not disclosed by the evidence. Then at the very best for the plaintiff, any liability of the defendant to plaintiff must have grown out of what occurred after the stock was purchased. After the purchase of the Hennessey bank stock a one-third part was assigned to the defendant without his knowledge or consent, and the stock was turned into the Enid bank. Whether the defendant paid into the Enid bank one-third of the $5,500 owed by Westlake, or paid his part of the remaining $4,500 out of individual funds is not disclosed; but let it be presumed that he did, and became the absolute owner of that much of the stock, then, all the rights of plaintiff against defendant must depend upon a ratification of the deal by defendant by accepting and paying for the stock. In such ratification he cannot be held to have ratified the deal so as to create a liability upon his part further than the conditions of the deal were disclosed to him. This is so patently true as to need no citation of authority. Much the more is it true that he cannot be held to have ratified the deal to the extent of creating a legal liability on conditions which plaintiff says had no existence and which the defendant says had no existence. Plaintiff says, in effect, that neither he nor defend-

ant should have had to pay damages to Westlake for neither of them had wronged Westlake. Defendant testified, and it is undisputed that he did not so much as know that Westlake was making any claim that he had been wronged in the stock deal until the petition was filed in the Kingfisher case.

We conclude from the foregoing that there is no legal liability upon the part of the defendant to contribute to plaintiff because he was unfortunate enough to be compelled to pay the judgment in the Kingfisher case, and that the trial court erred in refusing to direct a verdict for the defendant.

We further conclude that there is no theory, based upon the pleadings filed in this case and the evidence adduced on the trial, upon which the plaintiff is entitled to a recovery against defendant.

Having reached this conclusion, we recommend that the judgment of the trial court be reversed and the cause remanded with directions to dismiss the plaintiff's petition.

By the Court: It is so ordered.