## L. J. DUTTON v. J. B. HOBSON.

1. SUMMONS—*Service of.* The service of a summons on the return-day is not authorized by law, and a judgment rendered on default on such a service will be reversed, at the instance of the judgment-debtor, if he seeks relief in proper time.

2. PRACTICE—*Amendment.* No error will be presumed from the mere fact that the officer's return shows that a summons issued against "L. J. D." was served on "L. A. D.;" and certainly none which can be taken advantage of for the first time on error. If the right party was in fact served, the most that could be done would be to allow the officer, on motion in the court below, to amend his return.

*Error from Miami District Court.*

ON the 26th of April, 1870, *Hobson* filed his petition and precipe in the office of the clerk of the district court, for the commencement of an action against *Dutton* to recover possession of a certain tract of land. A sum-

mons was issued and made returnable on the 5th day of May. The summons was issued against *L. J. Dutton;* and the sheriff's return shows that he served it on the return-day, (April 5th,) and by delivering a copy to " *L. A. Dutton.*" The defendant failed to appear, and after the answer-day had passed plaintiff moved for and obtained judgment upon defendant's default. To reverse this judgment the defendant brings the case here by petition in error.

*I. H. C. Royse,* and *Sperry Baker,* for plaintiff in error:

1. The *defendant* was not served in any manner provided for by the code §§ 64, 67, 72, 73, 74, 75, 76, Gen. Stat., pp. 642, 643.

Service on L. A. Dutton is no service on L. J. Dutton, the defendant. The court obtained no jurisdiction of the "person" of " the defendant" by the service made on another party. *Elliott v. Holmes,* 1 McLean, 466.

2. The service was *not in time.* Time is an essential part of the service; and the return must show affirmatively that the service was within the *time* allowed by law in order to support a judgment by default. Gen. Stat., p. 642, § 65; *Ogle v. Coffey,* 1 Scam., 239; *Garnett v. Phelps,* id., 331; *Calhoun v. Matlock,* 3 Miss., 70.

Service of summons *on* the return-day thereof is not good. It is no service in law. The writ has expired by limitation of time and has lost its vitality. *Small v. Edrick,* 5 Wend. 137; *O'Conner v. Towns,* 1 Texas, 107; *Temple v. Carstens,* 1 G. Greene, (Iowa,) 492; *Columbia Turnpike Co. v. Haywood,* 10 Wend., 422; *Morrison v. Gaillard,* 25 Miss., 194; *Barto v. Abbe,* 16 Ohio, 408; *Hitchcock v. Haight,* 2 Gilm., 604.

3. To support a judgment by default the return must

show a strict compliance with the statute, in regard to service. *Parks v. Weems*, 4 Eng., 439; *Repine v. McPherson*, 2 Kas., 340; *Sheldon v. Comstock*, 3 R. I., 84; *Cook v. McDoel*, 3 Denio, 317.

4. The record shows that the district court erred in rendering a judgment against the plaintiff in error (defendant below,) and that error is one for which this court must reverse the judgment.

The opinion of the court was delivered by

KINGMAN, C. J.: The judgment in this case was on default, and no exceptions were taken. Two errors are alleged: *First*, the summons was not served before the return-day: *Second*, the action was against L. J. Dutton; the summons is returned served on L. A. Dutton.

The summons was issued on the 26th day of March, to the sheriff of Miami county, and was served on the 5th day of April. This was the return-day, while the statute limits the service to "any time before the return-day." § 64, civil code. The statute is positive. We cannot construe it away, nor enlarge it. In *Meisse v. McCoy's Adm'r*, 17 Ohio St., 229, such a service was held voidable, an irregularity that could be corrected on motion, or waived by answer. In our opinion it is a defect that can be corrected on error. It is an error that affects the substantial rights of the defendant, as it gives him one less day to answer than the law allows. It is not a defect that makes the judgment void; and if a party permits it to go unchallenged till he has lost the right to correct it, by reason of the lapse of time, the judgment would be binding on him.

The second objection is not tenable when presented for the first time on error. If it could be taken advan-

tage of at all, it must be in the court below. . Such was always the law. 1 Chitty's Pl., 244, 248. We are not to be understood as deciding that there is any defect existing. If the right party was served with the summons, the most that could be done, would be to allow the sheriff to amend. The law knows but one christian name in its proceedings; and if there are two of that name, it must be made to appear on issues properly made up.

For the. error first alleged, the judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.