G. M. SIMCOCK, *et al.*, v. FIRST NATIONAL BANK OF EMPORIA.

1. SERVICE OF SUMMONS, *on Return-day, Irregular.* A service of a summons made on the defendant on the return-day thereof is irregular and voidable, and a judgment founded on such a service may be reversed, vacated or set aside at the instance of the judgment-debtor in any proper proceeding therefor, provided no waiver of service has been had in the case by appearance or otherwise.

2. APPEARANCE; *Special Purpose.* Where the defendant appeared by his attorneys and moved the court to set aside the summons, and to dismiss the action, because the service was made on the return-day of the summons, and the appearance was made expressly for the purpose of such motion only, and the motion was signed by the attorneys as attorneys for the purposes of the motion only, and no other appearance was made by the defendant in the case, *held,* that said appearance did not have the effect to waive service, or to cure the irregular service already made.

*Error from Morris District Court.*

ACTION upon a promissory note, brought by *The First National Bank of Emporia* against *Simcock* and two others. The plaintiff had judgment, as upon default, at the April Term 1874. Defendants bring the case here on error.

*Hughes & Bradley,* and *Ruggles & Sterry,* for plaintiffs in error, contended that the service of the summons on the return-day thereof, was defective and bad. The entry of judgment upon such defective service, over the objection and exception of plaintiffs in error, and as upon a default, was an error affecting the substantial rights of plaintiffs in error. Code, § 64; *Dutton v. Hobson,* 7 Kas., 196; *Meisse v. McCoy's Adm'r,* 17 Ohio St., 229.

The opinion of the court was delivered by

VALENTINE, J.: In this case the service of the summons was made on the defendants below (plaintiffs in error) on the return-day thereof. Such a service is irregular and voidable, and a judgment founded thereon may be reversed, vacated or set aside at the instance of the judgment-debtor, in any proper proceeding therefor, provided no waiver of service has been had in the case by appearance or otherwise. (*Dutton v. Hobson,* 7 Kas., 196; *Armstrong v. Grant,* 7 Kas., 285.) In the present case there was an appearance by all the defendants below in about the same form. The appearance of G. M. Simcock is in the following form, to-wit:

"And now comes the defendant G. M. Simcock, by his attorneys Hughes & Bradley, and appearing for the purpose of this motion only moves this court to dismiss the above-entitled action, and to set aside the summons in said action so far as Simcock is concerned, for the reason that said summons in said action was served upon said Simcock on the return-day of said summons. Said summons was issued by the clerk of said court on the 19th of February 1874, and was made returnable on the 23d day of February 1874, and was served on said Simcock on said 23d of February.

"HUGHES & BRADLEY, Attorneys

For G. M. Simcock for the purpose of this motion only."

The appearance in this motion was a special appearance merely for the purpose of contesting the jurisdiction of the court—merely for the purpose of contesting the regularity of the service of the summons, and cannot be construed into a waiver of jurisdiction, or a waiver of service. The motion

itself shows that the appearance was for the purpose of the motion only, and that the attorneys were attorneys for the purposes of the motion only. And it also shows that the purposes of the motion were to contest the jurisdiction of the court, and the service of the summons, and not to waive jurisdiction and service. And we do not think that jurisdiction or service, or indeed anything else, was waived by said appearance. Nor did said appearance cure the irregular service already made. Possibly the court below did not err in overruling said motion as it was made — the motion not being to set aside the *service* of the summons, (as it should have been made,) but to set aside the summons itself and to dismiss the action. But after the motion was overruled, then what was the court below to do? The plaintiff gave the court no alternative but to render judgment on said service, or to dismiss the action. Now if the court had dismissed the action under such circumstances, probably it would not have erred. (*Branner v. Chapman*, 11 Kas., 121.) But to render judgment upon such a service, as upon a default, as the court below did, was such an error that this court must reverse the judgment. (*Dutton v. Hobson*, supra.)

We have taken no notice of the irregularity in issuing the summons, in making the return-day thereof only four days from the date thereof, instead of ten days, as neither counsel has called our attention to it. We have considered the summons as though it was regular in every respect, and the full time given in which to return the same and in which to answer.

Judgment reversed, and cause remanded for further proceedings.

All the Justices concurring.