**HOPKINS, Adm'x. v. NATIONAL BANK of NORMAN et al.**

No. 12274—Opinion Filed May 5, 1925.

Rehearing Denied Dec. 15, 1925.

1. **Attorney and Client—Propriety of Representing Both Administratrix and Mortgage Creditor.**

Where an attorney gratuitously represents

an administratrix, and with her knowledge and consent represents a mortgage creditor, who holds a third mortgage, which is of no value by reason of the fact that the security is insufficient to satisfy the senior mortgages, and where it is obvious that the administratrix nor the estate has any equity in the property being foreclosed, and no claim is filed or judgment asked for against the estate, there is no conflict of interest and no impropriety in counsel representing the administratrix and the mortgage creditor under such circumstances.

## 2. Abatement and Revival—Statutory Procedure.

Section 5288, Rev. Laws 1910, 831 Comp. St. 1921, authorizes the revival of an action by an order made in open court in the presence of, and with the consent of the parties.

## 3. Proces—Officer's Return — Evidence to Impeach.

The return of an officer showing service of summons can only be impeached by clear and convincing proof of its falsity.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Cleveland County; Frank Mathews, Assigned Judge.

Action by Delila M. Hopkins, administratrix of the estate of Ned Hpokins, deceased, against the National Bank of Norman, Okla., and others. From the judgment Delila M. Hopkins, administratrix, appeals. Appeal dismissed.

James A. Cowan, for plaintiff in error.

James M. Gresham, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Cleveland county by the appellant, as plaintiff, against the defendants, defendants in error, to recover possession of certain lands. The plaintiff alleges that the land in controversy was sold under a foreclosure proceeding, wherein R. V. Downing was plaintiff and the appellants herein, Delila M. Hopkins and Ned Hopkins, her husband, were defendants, and that said foreclosure proceeding was invalid for the reason that no summons was ever served upon the plaintiff in this case, Delila M. Hopkins, and that shortly after the institution of the suit to foreclose by Downing, Ned Hopkins died, and that said cause was never revived in the name of this plaintiff, Delila M. Hopkins, and further alleges that she had a good and legal defense to the cause of action alleged by the plaintiff, Downing, wherein the mortgage was foreclosed, and alleges in her petition in this case that she

never executed the mortgage sued on, and had no knowledge of same, and had no knowledge of the foreclosure proceeding, and did not employ or authorize anyone to represent her, and that the entire proceeding was void and should be set aside.

The defendants filed their answer and generally deny all of the allegations of plaintiff's petition, except su.h as are admitted; deny that the plaintiff, Delila Hopkins, had any legal defense to the foreclosure proceeding as alleged, and aver that the mortgage was duly executed and acknowledged by the said Delila Hopkins and Ned Hopkins, and that the service of summons was duly had in the foreclosure proceeding, wherein R. V. Downing was plaintiff and Delila Hopkins and Ned Hopkins were defendants, and further aver that the cause was revived after the death of Ned Hopkins in the name of this plaintiff, Delila Hopkins, as administratrix, and that said revivor was made in open court, and that the said Delila Hopkins and her attorney were present and consented to such revivor. On the trial of the case to the court judgment was rendered in favor of the defendants. There are various issues raised by the pleadings in this case, but we think the question of service, revivor, and the conduct of counsel complained of are the controlling issues in this case. The record discloses that Ned Hopkins was the owner of 160 acres of land in Cleveland county; that he died in the insane asylum in December, 1911, shortly after the institution of the suit by Downing to foreclose a mortgage given on the land of Hopkins to secure an indebtedness of $1,600, which was a second mortgage. The Aetna Life Insurance Company held a first mortgage, covering the same land, of $2,500, and the Clement Mortgage Company held a third mortgage for $232.50.

J. B. Dudley represented the plaintiff herein, Delila Hopkins, at the time she was appointed administratrix of the estate of Ned Hopkins, deceased, and the record discloses that he also represented the Clement Mortgage Company, generally, and entered an appearance for said company in the suit of Downing v. Ned Hopkins and Delila Hopkins, and filed a cross-petition asking for foreclosure of the Clement Mortgage Company's mortgage, and this is alleged to be, by the plaintiff in this case, improper conduct on the part of J. B. Dudley. in that he was representing conflicting interests, but the great weight of evidence tends to show that Mr. Dudley consulted with Mrs. Hopkins concerning all of the matters involved pertaining to the suit and was convinced that the property was mortgaged for all, if not

more, than it's worth, and that Mrs. Hopkins had no legal defense as against any of the mortgages outstanding against the land, and there being no estate to administer upon, the administration proceedings apparently were dropped. The mortgage creditors were proceeding under their mortgages, and under section 1234, Comp. St. 1921:

"Creditors holding real estate mortgages may foreclose their mortgage without presenting their claims to the administratrix."

And we think the evidence clearly shows that Mrs. Hopkins gave her consent and authority to her attorney, J. B. Dudley, to represent the Clement Mortgage Company and make the best settlement possible for her with the creditors. The record further discloses that Dudley received no fee from Mrs. Hopkins and also no fee for foreclosing the Clement mortgage, and the property was sold under the foreclosure proceeding instituted by Downing, subject to the Aetna mortgage, and failed to bring a sufficient amount to fully satisfy the Downing mortgage, consequently the Clement mortgage was never satisfied and nothing was received by either Dudley or his client by reason of the proceedings, and no possible injury could have resulted to the plaintiff herein, Mrs. Hopkins. She had no equity in the property involved in the suit, hence the attorney could not have represented conflicting interests, when in fact neither of the parties had any substantial interest, and no conflicting interest.

As to the question of revivor, section 5288, Rev. Laws 1910, authorizes the revivor of a cause of action by the consent of the parties, and while Mrs. Hopkins denies that she ever gave her consent or had any knowledge of the revivor, and denies that the attorney, Dudley, represented her in the mortgage foreclosure proceedings, the preponderance of the evidence is against her contention. Mr. Dudley, Mr. Gresham, attorney for Downing in the foreclosure proceedings, and Judge Mc-Millan, who was the presiding district judge, all testified she was present and gave her express consent to the revivor of the action in her name, and the clerk's record shows that all parties in interest were present, so we think the judgment of the court is not only sustained by reasonable evidence, but is sustained clearly by the great weight of evidence.

On the question as to whether or not Delila Hopkins, the plaintiff herein, was served with a summons in the case of R. V. Downing, plaintiff, v. Delila Hopkins and Ned Hopkins, defendants, in which the mortgage was foreclosed, the record shows that the return is regular, shows that she was served, and the testimony of Mr. Dudley is to the effect that at the time she came to his office to consult with him concerning the suit, she delivered to him a copy of the summons, which had been served upon her. This copy was found in the files of Mr. Dudley, and introduced in evidence, and we think these facts, together with other evidence disclosed by the record, were conclusive on this point. The court has no disposition to sustain or countenance fraud, such as is charged by the plaintiff in this case, but the witness, Delila Hopkins, is contradicted on every material point by a number of witnesses; she denies the execution of the mortgage sued on, but the same evidently bears her signature and was duly acknowledged before a notary public. The sheriff's return and the copy of summons delivered to Dudley contradict her denial of service; the district judge and the attorneys, and in fact everyone who was in a position to know the facts at the time they transpired, and the records contradicted her on every material fact or issue, and in the face of these facts and conditions no court would be warranted in maintaining her position. The conduct of the attorney, Dudley, in representing the Clement Mortgage Company might be regarded as an irregularity, and under some circumstances, improper, but there is nothing disclosed by the record in this case to show any impropriety or misconduct on the part of the attorney; in fact the record shows that Downing paid to Mrs. Hopkins $100, at the instance of her attorney, Dudley, for no other consideration than that no opposition was offered to the foreclosure proceedings, and no delay caused by the defendant, and it is clear that there was no defense which could have been offered, and that the attorney, Dudley, did everything within his power and all that could have been done in the interest of Mrs. Hopkins. His services were absolutely gratuitous: in fact we discover no badge of fraud in the entire transaction. Many specifications of error are set forth in the assignment, but plaintiff in error fails to call the court's attention to any specific assignments of error in her brief, but we have carefully reviewed the entire record in this case, and while many questions are raised, we think the questions heretofore discussed are the only material questions in the case and decisive of the rights of the parties; finding no error, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.          --

Note.—See under (1) 6 C. J. 621. (2) 1 C. J. p. 236. (3) 32 Cyc. p. 517.