No. 27,056.

The Farmers Coöperative Grain, Live Stock and Mercantile
Association, *Appellee,* v. Hugo Hed, *Appellant.*

SYLLABUS BY THE COURT.

Process—*Irregular Service—Time for Objection—Waiver.* Where the service
of a summons was irregular but not void, because of having been made upon
the return day instead of before it, and for over a year the defendant made
no appearance of any character, it was not error for the court to overrule
a motion to quash the service made after judgment by default had been
rendered, although during the same term of court.

Appeal from Sedgwick district court, division No. 4; Isaac N. Williams,
judge. Opinion filed January 8, 1927. Affirmed.

*Z. C. Millikin* and *A. H. Miller,* both of Salina, for the appellant.

*C. W. Burch, B. I. Litowich* and *LaRue Royce,* all of Salina, for the appellee.

The opinion of the court was delivered by

Mason, J.: On May 12, 1924, the Farmers Coöperative Grain,
Live Stock and Mercantile Company brought this action against
Hugo Hed to recover an alleged shortage in his account arising while
he was its manager at Falun. A summons was issued returnable
May 22. On that day it was personally served on the defendant.
He made no appearance in the case and on February 4, 1926, judg-
ment was rendered against him. In the following month, and during
the same term of court, he appeared specially and moved to set
aside the service and on March 29 the motion was overruled. He
appeals from that ruling and from the judgment.

The statute requires a summons to be served "at any time before
the return day" (R. S. 60-2507) and a service made *on* that day is
irregular, but not void. In *Dutton v. Hobson,* 7 Kan. 196, on which
the defendant largely relies, proceedings in error were taken from
the judgment and a reversal was ordered because of that defect in
the service, which had remained unchallenged until after the rendi-
tion of the judgment. There the petition was filed and summons
issued March 26, 1870. The summons was returnable April 5, on
which day it was served. Judgment was rendered on May 17 of the
same year. A distinction may readily be drawn between that case

Process, 32 Cyc. p. 529 n. 60; 21 R. C. L. 1324.

and this. There the judgment was rendered within twenty-two days after the answer day. Here the corresponding period was over a year and a half, an unexplained delay fairly to be regarded as amounting to a waiver. "Where formally defective process is personally served, or where personal service is improperly made, and defendant makes no appearance and enters no objection to it but lets the cause proceed, he will not be permitted to object at a subsequent term, but will be deemed to have waived the defect by his silence." (32 Cyc. 529.) Moreover, since the Dutton-Hobson case was decided the code has been amended by the addition of the provision that "the appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court." (R. S. 60-3317.) The service of the summons was not a nullity. It was as effective as any service unless challenged by a direct and timely attack. It advised the defendant that he was expected to answer within twenty days, and there would be no harshness to a requirement that if he wished to take advantage of the irregularity he should raise the point within that time. It would be utterly at variance with the spirit of the new code to permit the defendant as a matter of right, after remaining silent for nearly two years, to then take advantage of a purely technical irregularity which did not in the least prejudice his substantial rights. There is room for a reasonable suspicion that the erroneous service was deliberately permitted to lie as a "sleeper" until after judgment in order to gain as great a delay as possible. There is nothing in the record to suggest that the defendant has a meritorious defense which he wishes to present, or to account for the tardiness of his motion. True, he could not put forward such a defense without waiving the defect in the service, but he could have presented it within any reasonable time with a practical certainty of being heard, if he desired, in case his motion should be overruled. We hold that the trial court not only committed no reversible error in refusing to act favorably upon the defendant's belated motion, but committed no error at all.

*Simcock v. First Nat. Bank,* 14 Kan. 529, which is also relied upon by the defendant, is even more readily distinguishable than the Dutton-Hobson case, for there the motion to quash the service was

Farmers Coöperative Ass'n v. Hed.

filed on March 13, 1874, three days before answer day. In *Braden v. Williams*, 101 Okla. 11, a similar case, the motion to quash was filed on the return day.

Where a summons was defective because of the time allowed for answer being too short—a situation having some analogy to that here presented—and the trial court sustained a motion to quash it, this court said:

"In this case the defendant was advised personally of everything which the statute required the summons to contain. It is true the summons did not name the correct answer day as provided by another section of the code, but the other section would have given him that time to answer, notwithstanding the erroneous date in the summons. The only respect in which the defendant could possibly be prejudiced was in the time in which he might answer. He could have filed a motion asking for more time as readily as he could have filed a special appearance and motion to quash, and the court would have given it to him as a matter of course. The defect did not go to the jurisdiction of the court over the person of the defendant, nor render the summons void. At most it was only irregular and voidable. The trial court should have permitted an amendment to the summons upon plaintiff's request or should upon its own volition have extended the time for the defendant to answer." (*Young v. Newbold,* 114 Kan. 86, 88, 217 Pac. 269.)

The judgment is affirmed.

BURCH, J., not sitting.