## INSELMAN v. CADWELL et al.

No. 19251.   Opinion Filed Sept. 10, 1929.

Rehearing Denied Nov. 26, 1929.

C. B. Leedy and L. E. Moyer, Jr., for plaintiff in error.

Perry J. Morris, for defendants in error.

JEFFREY, C: This is a replevin action instituted by John Inselman against Anna Cadwell and Bob Molar to recover possession of a red calf of the value of $30. It appears that Bob Molar had no interest in the subject of the litigation except that he was pasturing and caring for the calf for the benefit of Anna Cadwell at the time the suit was instituted. He filed no pleadings and made no defense, but the controversy was between plaintiff and Anna Cadwell, who will herein be designated as defendant. Anna Cadwell and Clyde Cadwell were husband and wife. Defendant on or about June 1, 1926, commenced a suit against Clyde Cadwell for a divorce and for a division of their property. An order was made at the time restraining Clyde Cadwell from disposing of any of the property pending the suit. Later the cause was tried, the divorce denied, and a division of the property made between the two parties. The calf in question had belonged to Clyde Cadwell, and when the property was ordered divided, de-

fendant was awarded this particular calf, and the sheriff found the calf in the constructive possession of plaintiff and delivered it to defendant.

The cause was tried to a jury, and at the conclusion of all the evidence counsel for defendant moved for an instructed verdict, which motion was sustained and the jury instructed to return a verdict for defendant. The verdict was so returned, judgment duly rendered thereon, and plaintiff has appealed.

The first proposition presented by counsel for plaintiff is that the court erred in rejecting certain competent evidence offered on behalf of plaintiff. It apppears that plaintiff claimed title and right of possession to the property by reason of a purported bill of sale from Dr. O. C. Newman. In the trial of the case, plaintiff offered as a witness Clyde Cadwell, husband of defendant, and sought to prove by him that prior to the issuance of the restraining order in the divorce action, said Cadwell, then being indebted to Dr. Newman, gave his note to said Newman, and also gave a chattel mortgage on several items of property, including the subject of this litigation. An objection was made to the competency of the witness Clyde Cadwell on the ground that he, being the husband of defendant, was incompetent to testify for or against his wife. The objection was sustained, and it is this ruling that is complained of. The offer of proof was only to the effect that the note and mortgage were given prior to the issuance of the restraining order. However, counsel for plaintiff states in his brief that, when the note and mortgage became due, Clyde Cadwell was unable to pay the note, and surrendered to Dr. Newman the calf and other property in satisfaction of the mortgage debt. Section 589, C. O. S. 1921, is in part as follows:

"Incompetents Classified. The following persons shall be incompetent to testify: * * * Third. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

The third subdivision of the above section has been many times construed and applied, and has without exception been interpreted to exclude the husband or wife from testifying as a witness in the trial of a cause, in the result of which the other is interested. Herron v. M. Rumley Co., 29 Okla. 317, 116 Pac. 952; Western Nat. Life Ins. Co. v. Williamson-Halsell-Frazier Co., 37 Okla. 213, 131 Pac. 691. Counsel for plaintiff states that the testimony offered did not bear upon the relation of husband and wife, and was not, in a true sense, testimony for or against the wife. The statute makes the witness incompetent to testify, he being defendant's husband at the time of trial. It is not the character of the evidence, but the person by reason of his relation to one of the parties, that is rendered incompetent by statute. If he gave material testimony, he would of necessity testify for or against his wife. If it was material, it tended to aid plaintiff in the controversy and to defeat defendant's right of recovery. This being true, and the witness not coming within any of the exceptions named, he was clearly incompetent as a witness to give the testimony, and the trial court properly sustained the objection.

It is next contended that the trial court erred in failing to consider plaintiff's evidence, and that the judgment of the court is contrary to the law and the evidence. Plaintiff offered in evidence a purported bill of sale to himself for the calf. The bill of sale was admitted in evidence without objection and appears to be signed, "O. C. Newman M. D., by Goldie B. Wilson." Plaintiff testified that he was present and heard Dr. Newman tell Goldie Wilson to sign his name to the bill of sale. But this, as the trial court remarked, was purely hearsay. There was no proof that Dr. Newman ever owned the calf or had a right to sell it to plaintiff and no competent evidence that he attempted to do so. Under this state of facts, the trial court properly sustained the motion and directed the jury to return a verdict in defendant's favor. The judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and REID, Commissioners, concur.

By the Court: It is so ordered.