## GOLDSMITH et al. v. OWENS et al.

No. 26905. May 25, 1937.

Rehearing Denied June 8, 1937.

A. Milam Wilson, A. C. Kidd, C. L. McArthur, and W. R. Graalman (of counsel), for plaintiffs in error.

W. H. Francis and Blakeney, Wallace, Brown & Blakeney, for defendant in error Magnolia Petroleum Company.

Wimbish & Wimbish, for defendants in error W. K. Gilstrap, Betty Wimbish, Ruth Wimbish, Bennie L. McKinley, and W. R. Smith.

Wimbish & Wimbish and Randolph, Haver, Shirk & Bridges, for defendants in error Dominion Royalty Corporation and L. S. Randolph.

L. H. Harrell and A. M. Kerr, for defendants in error Geo. E. Smith and J. D. Spence.

HURST, J. The land involved in this action formerly belonged to Mollie Owens, a full-blood Chickasaw Indian. On January 8, 1907, she deeded it to B. Goldsmith. On October 23, 1913, she began an action to set aside the deed, but dismissed it on December 22, 1914. Thereafter, on July 23, 1926, she began another action to set aside the deed. Summons was issued and the return showed that it was served on Goldsmith on the return day by leaving a copy at his usual place of residence with a member of his family over the age of 15 years. Goldsmith failed to answer or make an

appearance and default judgment was rendered against him on February 15, 1927. On the same day, Mollie Owens sold the land to persons who leased the premises to the defendant oil companies and sold royalty interest to numerous other defendants. The land was uninhabited and there is no evidence to show who had possession. Goldsmith died on September 17, 1928, leaving a will in which he devised all of his property to his five children, who are plaintiffs in this action. They filed the present suit on February 26, 1935, seeking to vacate the judgment of February 15, 1927. The defendants answered asserting the validity of the judgment and claiming to be innocent purchasers. At the trial, the son of Goldsmith testified that at the time the summons in the former suit was served the members of the Goldsmith family over 15 years of age were B. Goldsmith, the son, and the son's wife. B. Goldsmith's wife had died shortly before that time. The son testified that a copy of the summons was not left with him. The son's wife offered to testify that a copy of the summons had not been left with her either, but an objection was sustained on the ground that she was the wife of one of the plaintiffs and was an incompetent witness. The court sustained the defendants' demurrer to plaintiffs' evidence and rendered judgment in favor of defendants. Plaintiffs bring this appeal.

1. Plaintiffs contend that the judgment of February 15, 1927, is void for the reason that it was entirely outside the issues in the case and was based upon a matter not submitted to the court for determination. The petition alleged that Mollie Owens was a full-blood Chickasaw Indian and owned land in question as a part of her surplus allotment; that the defendant B. Goldsmith was in unlawful possession claiming to be the owner; that he induced her to execute a deed for $600, and after securing the deed refused to pay, although she often demanded payment; that the deed was a cloud on her title; that by reason of these facts she was entitled to immediate possession and that the deed be canceled and her title quieted. In addition she prayed for judgment for $600 to be declared a lien upon the land, in the event Goldsmith attempted to convey to an innocent purchaser.

In a collateral attack upon a judgment it is not void for insufficiency of the peti-

tion, if the petition challenges the judicial inquiry. Welch v. Focht (1918) 67 Okla. 275, 171 P. 731; Wagner v. Lucas (1920) 79 Okla. 231, 193 P. 421; McDougal v. Rice (1920) 79 Okla. 303, 193 P. 415; Howard v. Duncan (1933) 163 Okla. 142, 21 P. (2d) 489, 490, and cases cited therein. Under the authorities cited, we find the petition sufficient against this attack.

2. Plaintiffs further contend that the judgment of February 15, 1927, was void for the reason that the summons was served on the return day. If the defendant had appeared and moved to quash the service, the motion should have been sustained for this reason. Braden v. Williams (1924) 101 Okla. 11, 222 P. 948. Such service renders the judgment voidable, but not void. Farmers Co-op. Grain Co. v. Hed, 122 Kan. 435, 251 P. 1090; Meisse v. McCoy's Adm'r, 17 Ohio St. 225.

3. Plaintiffs further contend that the court erred in refusing to permit the wife of Goldsmith's son to testify that no summons was ever left at their home. There is no merit to this contention. She was the wife of one of the plaintiffs and therefore was an incompetent witness. Section 272, O. S. 1931; Inselman v. Cadwell (1929) 140 Okla. 55, 282 P. 151.

4. Plaintiffs further contend that the summons in the former action was not served as required by law. The sheriff's return shows that summons was served on B. Goldsmith by leaving a certified copy at his usual place of residence with a member of his family over 15 years of age. It is consistently held that the return of an officer showing service can be impeached only by clear and convincing proof of its falsity. Rowe v. Rowe (1935) 175 Okla. 271, 52 P. (2d) 869; Canard v. Ryan (1935) 172 Okla. 339, 45 P. (2d) 122; Hopkins v. National Bank (1925) 115 Okla. 196, 242 P. 532; Bates v. Goode (1929) 139 Okla. 141, 281 P. 558. The record does not establish such clear and convincing proof in the case at bar.

In view of our holding it is unnecessary to discuss the question of the statute of limitations raised by the defendants.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., concur.